## Nichol *v.* Dunn, *et al.*

Where a person makes himself a party to a suit in chancery by filing a cross-bill, and it is dismissed on demurrer, an appeal will lie, though his cross-bill may have been consolidated with the original bill, the issues on which are undisposed of.

A stranger, or volunteer, paying the debt due to a vendor of real estate, having a lien for the purchase money, is not subrogated to the vendor's lien.

*Appeal from Arkansas Circuit Court in Chancery.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

WATKINS & ROSE, for appellant.

The right of substitution is grounded entirely upon principles of equity, and may be decreed where no contract of any kind, nor any privity, exists between the parties. *Kyner v. Kyner, 6 Watts, 221; 11 Harris, 294.* The right exists more from equity than per contract, and rests upon principles of equity wholly independent of contract. *1 Coms., 598.* Where the purchase money of real estate is paid, the party paying has

the same priority over other incumbrances. *Clark v. Monroe,
14 Mass.; 351; Jackson v. Austin, 15 J. R., 477; 14 Ark., 628.*
It was the intention of the parties in this case that the lien
should enure to the benefit of the party paying the vendor's
claim for the purchase money; and the payment being so re-
ceived, equity will subrogate him to the vendor's lien.

The demurrer of William D. Dunn admitted the facts set
up in the bill, and consequently admitted that he had no lien
or right to contest the substitution.

This is a final decree, and one from which an appeal will lie.
*1 Con., 691; 1 Rand., 421; 6 How., 205.*

CLARK, WILLIAMS & MARTIN, and BELL & CARLETON, for ap-
    pellees.

We submit there was no final decree from which an ap-
peal will lie, because, until there is a final decree in the whole
cause, there is no right of appeal in any one. See *Keatts v.
Rector, 1 Ark., 391.*

By the payment to Mrs. Ashley, her claim, rights and lien
were extinguished, and there could be no subrogation in this
case. *Shall v. Biscoe, 18 Ark., 143; Engles v. Engles, 4 Ark.,
286.* The vendor's lien is a personal right to the vendor, and
when he is paid there no longer exists a lien. That there is no
subrogation to the vendor's lien in this case, see *1 Coms., 586;
3 Paige, 122; Leading Cas. in Eq., 113.*

WALKER, C. J.

The appellees contend that there has been no final decree
rendered in this case, from which an appeal can be taken; not,
however, upon the ground that the decree is not final, so far as
relates to the cross-bill of Nichol, but that his cross-action was,
upon motion, consolidated with the original action and other
cross-bills, and ordered by the court to be progressed with and
heard as one suit; and because the decree, upon demurrer to
the cross-bill of Nichol, dismissing his bill, left the issues upon

the original bill, and other cross-bills undisposed of, that there was no such final decree rendered in the case that an appeal will lie.

In this we think the counsel mistaken.

One of the distinguishing features of chancery jurisdiction is, that it has power to bring all the parties in interest before it, so that, in full view of all their rights, a decree may be rendered which will settle the equitable rights of all parties, and be binding upon all. For this purpose, when it is made to appear that persons not parties to the suit are interested in the matter in litigation, the court frequently declines to progress with the cause until they are brought before it; and such being the case, it would be singular indeed if one who has made himself a party to the suit, and, as he alleges, with equitable rights superior to those litigating with him, should be, by a decree, dismissed from the court, and be denied the privilege of being heard until the matters in litigation as between the other parties had been heard, and a final decree rendered as to them. We have, in a former decision, held that a cross-bill, like all other bills, must contain within itself, if true, a distinct cause of equitable relief; that the cross-bill and original bill are distinct suits, which proceed side by side, the hearing of one being delayed until the hearing of the other. *Trapnall v. Burton, et al., 24 Ark., 380.* The decree against Nichol is a final decree; it disposes of his whole case, and puts him out of court, and is, in our opinion, such a final decree that an appeal will lie. The grounds of equity set up by Nichol, in his cross-bill, are, that he paid to Ashley's executrix nine thousand dollars of the debt due by David L. Dunn for certain lands, and that, by force of such payment, he should, upon equitable principles, *pro tanto*, be subrogated to the same rights which Ashley's executrix would have had but for such payment; and that the sole question, under this state of case, is, is Nichol entitled to a prior lien upon the land? And we had as well announce, at the outset, that, in view of the state of case presented, Nichol is entitled to no such prior lien. He was not a

party, either in interest or otherwise, in the purchase of the land made by David L. Dunn of Ashley's executrix, but came as a stranger, a volunteer, to pay the debt of David L. Dunn, without authority or interest in the purchase. Under such circumstances, he could not charge the estate of David L. Dunn with the amount so paid, for no one has a right, by volunteering to pay money for another, to make him his debtor; and, such being the case, we do not perceive the grounds upon which he rests his claim to be subrogated to the rights of lien which Ashley's executrix, as vendor, held upon the land contracted to Dunn. *Coote on Mortgages*, *230; 1 Ch. Pl., 350.* An examination of the several cases cited by counsel do but confirm us in the view of the case thus taken. Cases frequently arise, upon contests between prior and subsequent purchasers' liens, in which the junior lien creditor, in order to protect himself, is compelled to pay the debt of the creditor holding the prior lien, and is entitled by subrogation to the rights which the senior lien creditor would have had but for such payment, but this equitable right of subrogation grows out of some preexisting right. The lien creates no property in the estate, nor right of action to recover it, but a certain charge upon it, a right to satisfaction out of it. The case of *Foster v. Fox, 4 Serg. & Rawle, 92,* is of the class of cases to which we refer. In that case the creditor of the vendee paid the money due upon a judgment and took a transfer of the debt, and it was held that he was entitled to the judgment, and might revive it to his own use, and thus enforce the payment of the money against the purchaser of the vendee's interest at sheriff's sale. It will be observed, in that case, that there was the *purchase* of a debt, not the *payment* of a debt, as was done by Nichol in this case. *Foster v. Fox* was decided upon the same general principle upon which the case of *Moore and Cail v. Anders, 14 Ark., 628,* was decided, in which it was held that the assignment of a note for the purchase money of land secured to be paid by a vendor's lien, carries with it, as an incident to the debt assigned, the vendor's lien reserved by the contract of sale;

but if there had been an absolute conveyance of the land by deed, without such reservation, the mere assignment of the note executed for the purchase money would not carry with it the vendor's lien, and the assignee of such note would not be subrogated to the vendor's lien rights upon the land conveyed, for the payment of the purchase money. *Shall v. Biscoe, 18 Ark., 142.* And in *Williams v. Christian, 23 Ark., 255,* it was held by this court that, where a note for the purchase money for land was assigned without recourse upon the assignor, the vendor's lien does not pass by such assignment to the assignee. It will be seen, in all of these cases, that the claim of lien by the assignee grows out of his purchase and transfer of the debt, or where a payment is made to relieve the property from a prior incumbrance, but for which his right to satisfaction would exist; but in no case is the voluntary payment of a debt by one not responsible for its payment, and which is not a charge upon property, sufficient to entitle him to be subrogated to the right of lien which the creditor had upon the estate of his debtor. *Wilks v. Harper, 1 Comp., 586.*

Therefore, however pure may have been the motives of Nichol to disincumber the estate which might descend to his grandchild, as sole heir of David L. Dunn, he can not be permitted to occupy the more favored position of purchaser and assignee. Ashley's executrix, as vendor, held, a prior lien on the property contracted to David L. Dunn, over all other creditors, and they are clearly entitled to priority of payment; but as it is evident that Nichol, under the circumstances of the case, can not be considered a creditor of David L. Dunn, it would be contrary to every principle of equity to confer upon him the prior lien which Ashley's executrix held, to the extent of the purchase money paid by him, which, if enforced, might sweep off the whole of Dunn's real estate, and leave the claims of subsequent purchasers and creditors wholly unsatisfied. The demurrer to the cross-bill of Nichol was, therefore, properly sustained.

Decree affirmed.