## COHN v. HOFFMAN.

JUDGMENT LIENS: *Equitable estate bound by:  Priority over subsequent mortgage.*

A tract of land which B. had bought on a credit and the legal title to which was in his vendor, was sold under execution to satisfy a judgment rendered against him in the circuit court on the 11th day of September, 1878. The plaintiff was the purchaser and obtained the sheriff's deed for the land in 1882. In 1880 C. advanced for B. the sum necessary to complete the payment of the purchase money and the land was conveyed to B., who a month later mortgaged it to C. to secure the repayment of the sum the latter had advanced. C. afterwards purchased B.'s equity of redemption and

took possession. The plaintiff brought ejectment. Held: (1) That the judgment was a lien upon the land which attached upon the payment of the purchase money and even before such payment; and that the sheriff's deed to the plaintiff, relating back to the date of the judgment, carried whatever interest B. then had, or subsequently acquired in the land :(2) That C.'s advance being simply a loan to B. to pay a debt for which he was not bound, he was not thereby subrogated to the rights of the vendor, and his security under the mortgage should be postponed to the prior lien of the judgment.

APPEAL from *Jackson* Circuit Court.

R. H. Powell, Judge.

This was an action of ejectment brought to recover three tracts of land and the *mesne* profits thereof. A judgment in favor of the plaintiff for all the lands described in his complaint, was reversed on a former appeal. See 45 *Ark.*, 376. The case having been remanded, the plaintiff, by leave of the court below, discontinued his action as to two of the tracts. He claimed title to the remaining tract by purchase made at an execution sale on the 24th day of October, 1881, under a judgment rendered against Bray, September 11th, 1878. The sheriff's deed to the plaintiff, pursuant to such sale, was executed October 25th, 1882. The facts set up in an amended answer filed by the defendant after the cause was remanded, are stated in the opinion. A demurrer to the answer was sustained, and judgment was rendered in favor of the plaintiff for the recovery of the land and for the damages sustained by its detention in excess of the value of the defendant's improvements. Defendant appealed.

*U. M. & G. B. Rose*, for appellant.

1. If one person procures from another the means to discharge an incumbrance under the agreement that the person advancing shall be entitled to be subrogated to the lien of the incumbrance paid off, equity will effect-

uate their intent. *Sheldon on Subrogation, sec.* 247; *Ib., sec.* 8; 44 *Ark.,* 504; 39 *Ib.,* 531; 89 *Ills.,* 352; 3 *Nev.,* 138; 39 *Iowa,* 657; 48 *Wisc.,* 198; 6 *Abb. New Cases,* 469; 8 *Paige Chy.,* 173; 15 *Wisc.,* 612. The truth of the statements of the answer being admitted by the demurrer, it is clear that under the agreement, Cohn became subrogated to the vendor's lien of the railroad.

2. The taking of the mortgage was not a waiver of his lien. 30 *Ark.,* 178; 25 *Id.,* 510; 35 *Id.,* 100; 36 *Id.,* 362; 46 *Id.,* 267; 6 *Minn.,* 443; 17 *Wall.,* 1; 38 *Wisc.,* 516; 41 *Ga.,* 684; 42 *Miss.,* 792; 26 *N. J. Eq.,* 311; 3 *Barb.,* 267; 43 *Id.,* 26; 36 *Tex.,* 540; 51 *Ill.,* 166.

3. Appellee being a judgment creditor, took subject to the equities of Cohn, when he purchased at execution sale. 30 *Ark.,* 249; 42 *Id.,* 450; 42 *Miss.,* 18; 8 *Gratt.,* 148.

*W. R. Coody,* for appellee.

1. Appellant merely *advanced the money to enable Bray to complete the purchase and Bray was to secure him by a mortgage,* which he did. There is no vendor's lien in this: the vendor's lien was extinguished, and appellant took an entirely new security for the money advanced. 27 *Ark.,* 232. Appellee's purchase related back to the date of the lien of his judgment, which was prior to the mortgage. 15 *Ark., Watkins v. Trapnall.*

2. The money was advanced by Cohn to *complete Bray's purchase,* under an agreement to be secured by a mortgage, which being made is conclusive that it was a loan by a stranger. 44 *Ark.,* 504; 25 *Id.,* 133. There was no subrogation.

3. The taking of the mortgage was a waiver of the lien, if he had any, and he must rely upon his mortgage. 33 *Ark.,* 67 *and* 607; 30 *Id.,* 156. The mortgage merged his lien.

SMITH, J.   Upon the remanding of this cause to the court below, Hoffman discontinued his action for the recovery of two of the tracts which had been in controversy, and amended his complaint by enlarging his claim for the mesne profits of the remaining tract to six hundred dollars.   The defendant disclaimed title to the north half of the tract last mentioned, but pleaded that Bray, the common source of title to both parties, had purchased the south half from a railway company upon a credit, and about the first of November, 1880, had requested the defendant to pay the residue of purchase money then due, and had agreed to secure the repayment of such advance by a mortgage upon the land; that under said agreement the defendant had advanced three hundred dollars, and the railway company had conveyed the land to Bray, and on December 1, 1880, Bray and wife had executed the stipulated security; and that Bray, becoming afterwards further indebted to the defendant for goods, wares and merchandise, had sold and conveyed his equity of redemption to the defendant, who had entered and believing himself to be the rightful owner, had made valuable improvements.   The mortgage and release of the equity of redemption were exhibited, and a motion was made to transfer the cause to the equity docket.

Upon demurrer, the answer was held to be insufficient, except in so far as it set up a claim for improvements. An exception was saved, and the questions of damages for the detention of the land and of the value of defendant's improvements, were submitted to the court without the intervention of a jury.   And by agreement of the parties the court found that the rents and profits received by the defendant exceeded the value of his improvements by the sum of three hundred dollars.   Judgment was accordingly entered for the recovery of the land and for damages.

Cohn v. Hoffman.

JUDGMENT LIEN: Equitable estate bound by: Priority over subsequent mortgage.

By reference to the report of this case, when it was here before [45 *Ark.*, 376], it will be seen that the plaintiff acquired his title by purchase at an execution sale, and that the judgment against Bray, upon which the execution issued, was rendered September 11th, 1878. The sheriff's deed relates back to the rendition of the judgment, and carries whatever interest Bray then had, or subsequently acquired. *Mansf. Dig.*, sec. 3001. As the judgment antedated the mortgage, Cohn must be subrogated to the charge he has paid off, before he can claim priority over Hoffman. Now according to the averments of the answer, which the demurrer confesses, there was no privity between Cohn and the railway company. He was not a surety for Bray, nor under any obligation to pay the debt. And there was no arrangement, either with the company, or with Bray, that Cohn was to succeed to the lien of the vendor. No assignment of the debt was taken by him, and payment would not, of itself, work any assignment. No circumstance connected with the transaction manifested an intention to keep the lien alive for his protection. But the agreement was that he should rely upon a new security to be given him, namely, a mortgage upon the same land. It was simply a loan of money to Bray, who stood in the situation of a mortgagor, by a person who was in no wise connected with the mortgage, upon an agreed security. The conveyance to Bray and the execution of the mortgage were not simultaneous transactions. The title remained in Bray for a month; and this was long enough to let in intervening incumbrances. Upon payment of the purchase money to the railway company and even before such payment, Hoffman's lien attached to the land; for the equitable estate of a judgment defendant is bound by the lien of the judgment. The new security must be postponed to

the prior incumbrance. *Sheldon on Subrogation,* secs. 8, 19; *Small v. Stagg,* 95, *Ill.,* 39; *Stearns v. Godfrey,* 16 *Me.,* 158; *Woolen v. Hiller,* 9 *Gill,* 185; *Commonwealth v. Chesapeake, &c., Canal Co.,* 32 *Md.,* 501; *Kitchell v. Mudgett,* 37 *Mich.,* 81; *Nichol v. Dunn,* 25 *Ark.,* 129.

The cases of *Chaffe v. Oliver,* 39 *Ark.,* 531, and *Rodman v. Sanders,* 44 *Id.,* 504, are distinguishable. They were not cases where different parties had successive claims upon the same property by mortgage, lien or purchase, and the facts were widely different.

Judgment affirmed.