GRAYSON *v*. BAUSCHLICHER.

4-3674

Opinion delivered February 25, 1935.

*E. L. Hollaway,* for appellants.

*C. O. Raley, D. Hopson* and *F. G. Taylor,* for appellee.

JOHNSON, C. J. On January 15, 1925, S. F. Grayson, as principal, executed a note in favor of C. Bauschlicher for the sum of $225 less $20 paid immediately subsequent to the execution of the note, and drawing interest from date until paid at the rate of 10 per cent. per annum, due one year after date. J. T. Grayson signed this note as surety. On June 19, 1925, J. T. Grayson died intestate and left appellants here as the sole surviving heirs at law. By agreement between the heirs and Bauschlicher, who was the sole creditor of the J. T. Grayson estate, the heirs took possession and remained in such possession until 1929 when C. O. Raley was appointed administrator of said estate by the probate court of Clay County.

Bauschlicher filed his claim upon said note against said estate, and it was duly allowed. Under subsequent orders of the Clay County Probate Court, the lands belonging to the Grayson estate were sold by the admin-

istrator on August 17, 1929, and Bauschlicher became the purchaser thereof. Subsequent to the administrator's sale, the heirs of the T. J. Grayson estate instituted proceedings, the object of which was to revoke and nullify the appointment of C. O. Raley, as administrator of said estate, and to avoid and nullify all Raley's acts as such administrator.

On trial of this cause the heirs were granted the relief sought, and Raley prosecuted an appeal to this court wherein the judgment was affirmed. See *Raley* v. *Grayson*, 186 Ark. 1046, 57 S. W. (2d) 828.

Prior to the institution of the proceedings last discussed, Bauschlicher sold and conveyed the lands purchased by him from the administrator to one B. F. Willis, who went into possession in February, 1930, and remained in such possession until this suit was instituted by the heirs on March 15, 1933. Willis asserted by answer and cross-complaint that he had purchased the lands in good faith and had made permanent and valuable improvements thereon, and had paid to the Federal Land Bank of St. Louis the sum of $420 in retirement of certain yearly payments upon a first mortgage lien against said lands. He prayed that he be subrogated to the rights of the Land Bank for these payments. Bauschlicher intervened in said cause, and by pleadings filed on November 21, 1933, asserted his debt against said estate, and also that he had paid to the Federal Land Bank $70 in retirement of one installment upon the first mortgage lien. The cause of action was transferred to the chancery court wherein after trial the chancellor determined that Bauschlicher was entitled to a judgment *in rem* and lien against the lands belonging to the estate of T. J. Grayson for the total amount of said note and accrued interest; and also that he should be subrogated to the lien of the Federal Land Bank for the sum of $70 paid on the mortgage debt. Willis was found not to be a purchaser in good faith, and was therefore denied relief. From the decree thus entered, the heirs appealed from the findings in favor of Bauschlicher, and Willis prosecutes a cross-appeal. The chancellor erred in decreeing a lien against the estate of T. J. Grayson and

in favor of Bauschlicher for the amount of the note held by him. This note by its terms was due and payable January 15, 1926, and Bauschlicher delayed filing this proceeding until November 21, 1933, or more than seven years after the maturity of said note. It is true we have no express statute upon the subject-matter of this claim, but it has long been the established law in this State that seven years' delay bars a claimant to ownership of lands unless some statutory disability exists. If an owner would be barred by seven years' delay, we can perceive of no good reason why a lien claimant should not likewise be barred. In an analogous case we expressly so decided, and it is not deemed necessary to here restate the reasons upon which the rule rests. *Roth* v. *Holland,* 56 Ark. 601, 20 S. W. 521.

Neither can we agree that Bauschlicher is entitled to be subrogated to the lien of the Federal Land Bank for the amount of the payment made by him. This payment was made by Bauschlicher while he was in possession as owner under the void administrator's sale and with no intention of keeping alive said payment as a debt; therefore, he was a volunteer in making it and is not entitled to subrogation. *Nichol* v. *Dunn,* 25 Ark. 129; *Chaffe* v. *Oliver,* 39 Ark. 531; *Cohn* v. *Hoffman,* 50 Ark. 108, 6 S. W. 511; *Kissire* v. *Plunkett-Jarrell Grocery Co.,* 103 Ark. 473, 145 S. W. 567.

What we have just said also disposes of the contentions on cross-appeal. Willis purchased this property while the litigation was pending between the heirs and C. O. Raley; therefore he was not a purchaser in good faith. Since he was not a purchaser in good faith, it necessarily follows that his payments to the Federal Land Bank were voluntary on his part, and he is not entitled to recover therefor.

For the error indicated on direct appeal the cause is reversed and remanded, with directions to enter a decree in conformity to this opinion. The cross-appeal is affirmed.