## STATE VS. SHALL AD.

A plea of the statute of non-claim, filed by an administrator in a chancery case where there are several defendants, may be allowed at the time of argument or may stand over until the final hearing of the cause. But if the court sustain the plea at the argument, and render a final decree dismissing the defendant, after the lapse of the term the decree passes beyond the control of the chancellor.

*Appeal from Pulaski Chancery Court.*

Hon. H. F. FAIRCHILD, Chancellor.

HEMPSTEAD, for the appellant.

WATKINS & GALLAGHER, for appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the court. This is a branch of the suit of the State against the Trus-

tees of the Real Estate Bank, and connects with *Biscoe vs. State, ante.*

Ebenezer Walters became one of the residuary trustees, by appointment, 5th of April, 1844, and remained such to the time of his death, 14th June, 1849. Having left a will on the 10th July, 1849, letters testamentary were issued to his executor, Thomas W. Newton, by the probate court of Pulaski county. Newton died 22d September, 1853; and on the 12th of April, 1854, David F. Shall was appointed administrator of Walters, with the will annexed, and as such was made defendant to the bill: which was filed, and subpœna issued 1st May, 1854.

On the 10th of June, 1854, Shall filed a plea setting up the death of Walters, the grant of letters testamentary to Newton, the death of Newton, and the grant of letters of administration to himself, and averred that the demand or cause of action set out in the bill had not been properly authenticated and presented for allowance against the estate of Walters, to Newton or himself, according to the administration law, and relied upon the statute of non-claim as a bar to the suit.

On the 17th of August, 1855, the plea was set down for argument, and was argued on the 6th of November, 1855, and the chancellor being of opinion that the plea was sufficient, and ought to be sustained, and the State declining to reply thereto, a final decree was rendered on the plea, discharging Shall, dismissing the bill as to him, and adjudging costs against the State.

At a subsequent term of the court, on the 24th June, 1859, before final decree, the State, by her solicitor general; moved the court for a rehearing and reconsideration; and for the setting aside of the order or decree, setting the plea down for argument, and adjudging the same sufficient, and that the plea be held insufficient; and also moved that a decree be rendered against Shall, as administrator of Walters, for $2,438 49, in gold and silver coin, with interest, found due by the report of William B. Wait, special master; and also for $2,365, in gold or silver coin, found to be due from Walters, by the report of

A. F. Woodard, special master. And the following reasons were assigned, viz:

1. The plea should have been ordered to stand, *until the final hearing of the cause*, and Shall could not be discharged under it if good, until the final hearing.

2. The order discharging Shall, on the plea, was prematurely made, and inadvertently entered, etc.

3. The plea presents no matter in bar of the suit, as against Shall, etc.

4. The order was made without due consideration, etc.

The court overruled the motion on the grounds that the order discharging Shall was a final decree in bar, upon plea, and that the decree had passed beyond the control of the court. The court proceeded to render a final decree, disposing of the cause as to the other parties.

The State appealed from the judgment of the court, refusing to set aside the decree discharging Shall, etc., as moved by the solicitor general.

The plea of Shall was in bar, and went to the whole bill, and the order of the court discharging him, was in form and effect a final decree, as to him, and was doubtless intended so to be by the chancellor.

Whether the court would allow the plea at the time of the argument, or let it stand over to the final hearing of the cause, was a matter of practice. *Story Eq. Pl.*, sec. 697; 2 *Dan. Ch. Plead. & Prac.*, 799, 800.

It had the power to allow the plea at the argument, and to render a final decree discharging Shall, as it did; and after the lapse of the term, the decree passed beyond the control of the chancellor, as he correctly held, on the motion for rehearing, made on behalf of the State, several years after the decree was rendered. *Brooks vs. Hanauer*, 22 *Ark.*, 176; *Campbell vs. Garvin*, 5 *Ark.*, 455; *Ashley vs. Hyde et al.* 1 *Eng.*, 101; *Rawdon et al. vs. Rapley*, 14 *Ark.*, 203; *Reif et al. vs. Conner*, 5 *Eng.* 241; *Hubbard vs. Welch*, 6 *Eng.*, 151; *Cossitt et al. vs. Biscoe*, 7 *Eng.*

95; *Mayor vs. Bullock,* 1 *Eng.* 282; *Miller vs. Hemphill,* 4 *Eng.* 488.

The decree being final, the remedy of the State was to appeal therefrom, during the term of the court at which it was rendered, or to apply to this court, or one of its judges, within one year after the decree, for an order granting an appeal. *Dig., ch.* 28, *sec.* 146-7.

The court did not err in overruling the motion to set aside the decree, and for a re-hearing upon the plea, the motion being too late; and this disposes of the only question legitimately presented upon the appeal.

Affirmed.

Hon. H. F. FAIRCHILD did not sit in this case.