## *Ex parte* FRIDAY NIXON.

A prisoner who has been convicted of murder, and sentenced to be executed, will not be discharged on *habeas corpus* because the Sheriff has permitted the day assigned for the execution to elapse. A new day will be assigned.

The petitioner, having been brought before the Supreme Court on writ of *habeas corpus,* moved for his discharge. The facts of the case, and grounds of the motion, appear in the judgment of the Court.

April 22, 1870.   The opinion of the Court was delivered by

MOSES, C. J.   The petitioner was brought before the Court on a writ of *habeas corpus.*

The Sheriff returns the following as the cause of his caption and detention : "That he was committed to his custody, charged with the murder of one Dick Richards; that he was indicted and tried at the last November Term of the Court of Sessions for the County

of Charleston, found guilty, and sentenced to be hanged on the 25th day of February following; that, on the 23d day of that month, the execution was respited by the Governor for thirty days; that, on the 25th day of March last, during the absence of that officer from the State, the Hon. D. T. Corbin, President of the Senate, *pro tem.*, and acting Governor, respited the execution of the prisoner until the 22d of April of the current year."

His discharge is moved for on the ground that the said D. T. Corbin was not the Governor of the State, in fact, not President of the Senate, and was without authority to act, as he assumed to do, in the premises, and that the day of execution, deferred by the respite of Governor Scott, having passed, without fault or action on the part of the prisoner, he was held in unlawful custody.

The material question for our consideration can be decided without any inquiry as to the duty of the Sheriff to obey the precept directed to him, signed by Mr. Corbin as " President of the Senate, *pro tem.*, and acting Governor."

We are not inclined to pass upon a matter involving so much importance and interest to the State, unless its connection with the issue made on the application before us renders its consideration indispensable. Although incidentally drawn into the argument, it in no way affects the rights of the prisoner. Whether the paper recognized by the Sheriff as a respite was or was not in virtue of the Constitution and the law, the prisoner has not been prejudiced by its extension to him. It is claimed that he is entitled to his discharge because the day on which he was to be hanged, under the respite of Governor Scott, having elapsed, his detention is without legal authority.

No matter how this result has been accomplished, we find him in the hands of the Sheriff, and the judgment of the Court rendered against him has not been enforced.

The first question which naturally arises is, what authority could intervene to avoid that judgment?

If it has not been superseded or set aside, then it stands as all other judgments of criminal Courts having jurisdiction over the offense and the party; and if the person charged is in custody by its effect, the Court, at least, has not the power to discharge him. The judgment pronounced was final and conclusive, unless set aside for error by some competent Court, or the execution by which it was to be enforced prevented by the interposition of the Governor

of his constitutional right to pardon. No order of any such Court, or pardon by the Governor, has been alleged.

The mere statement of the proposition might be enough to show that this Court is without authority to interpose. In a matter, however, of so much importance to the prisoner, it is, perhaps, proper that we should present our views more at large.

The judgment of the Court was, "that he be hanged until he be dead." The very application shows that it. has not been enforced or superseded by lawful authority. The time was nothing more than a direction to the officer that he should enforce it on a particular day. If he failed in the duty on the day he might be amenable to the law, but the force of the judgment would still remain.

Concede the proposition contended for on behalf of the petitioner, and the result would be that the failure of a Sheriff to perform a duty at the time assigned by the Court would destroy the force and validity of the judgment or order under which he was directed to act. A power which the Court which sentenced had not the right to exercise could be thus assumed by its own officer to the actual destruction, in effect, of its judgment. Suppose that, without complicity on the part of the Sheriff, circumstances should interpose which would prevent the execution on the day appointed—the sickness of the Sheriff, his abduction by force, the occurrence of a storm —would it follow that the judgment of the Court would be thereby vacated or annulled, and the prisoner freed from the penalty which the law affixed to the crime ?

If we were without authority on the point, the proposition contended for is so much at variance with the conclusions of sound judgment and common sense, on which it is the boast of the law that all its principles are founded, that, unless we are forced by the weight of precedent, we would feel bound to disregard it.

As long ago, however, as the case of the Earl of Ferrers, Hawk. P. C. Bk., 2 Ch , 21, § 1, "it was resolved by all the Judges that if a peer be convicted of murder before the Lords, in Parliament, and the day appointed by them for execution, pursuant to 25 Geo. 2, should elapse before such execution done, a new time may be appointed for the execution."

Our own Courts, in *State* vs. *Fuller*, 1 McC., 178; *State* vs. *Smith*, 1 Bail., 283; *State* vs. *Addington*, 2 Bail., 616 ; *State* vs. *Kitchens*, 2 Hill, 612; *State* vs. *Chancellor*, 1 Strob., 350, following the same ruling, leave no doubt on the question.

The motion is refused.

Let the prisoner be remanded and a certified copy of this order filed in the office of the Clerk of the Circuit Court for Charleston County.

*Willard*, A. J., and *Wright*, A. J., concurred.