(41 App. Div. 40.)

## PEOPLE v. DRAYTON et al.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

FORGERY—INDICTMENT.

Forgery, and not alteration of an instrument, is charged by an indictment averring that defendants, having in their possession a certain paper containing the genuine signature of C., a more particular description of which was unknown to the grand jury, at a certain time and place "willfully, unlawfully, and feloniously did falsely make, forge, and counterfeit the above set forth instrument above the said genuine and authorized signature of the said C."; the instrument set forth above in another count being the subject of forgery.

Appeal from Monroe county court.

John Drayton and another were indicted for forgery. From a judgment sustaining a demurrer thereto, the people appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Howard A. Widener, Asst. Dist. Atty., for the People.
Joel M. Marx, for respondents.

ADAMS, J. The defendants were indicted by the grand jury of Monroe county for the crime of forgery in the second degree, and the indictment contained three counts, the first of which charged that the defendants "did falsely make, forge, alter, and counterfeit, with intent to defraud," a certain instrument, which was set forth at length in the indictment; the second count charged the defendants with having possession of some paper, a description of which was unknown to the grand jury, to which was attached a genuine signature, and with having made, forged, altered, and counterfeited the said written instrument above the genuine signature, with intent to defraud; and the third count charged the defendants with uttering the instrument in question, knowing the same to have been forged, with the intent to defraud.

The instrument which is thus alleged to have been forged reads as follows, viz.:

"Advertising Contract.

"No. 346.                            Rochester, 8—6—1897.

"To the Publishers: You are hereby authorized to insert our advertisement for the Financial & Trade Guide for 1897-8 Edition, to occupy the space of ¼ page Adv. and 3 heading, for which we agree to pay the sum of ($15) fifteen dollars.                        Name, Co-operative Foundry Co.
                                        "By whom signed, McCarthy.
                                        "Address, ————.

—On publication of advertisement.
"Not subject to cancellation.
"The publisher will not be bound by any agreement not stipulated hereon."

And, as it purports upon its face to be an obligation of the party whose name is attached thereto to pay the sum of $15, there can be no question but that it falls within the enumeration of instruments which may be the subject of forgery contained in section 513 of the Penal Code.

. It was held in the court below that the first and third counts of the indictment, standing by themselves, set forth all the essential elements of the crime charged, and we do not understand that proposition to be seriously controverted upon this appeal; but it is contended that the second count is insufficient in its averments, and that for that reason the entire indictment must fall. A careful examination of this count leads us to the conclusion that the learned county judge must either have misapprehended the language employed by the pleader to set forth the offense charged, or else that he has failed to give to it the interpretation it is entitled to receive. If we correctly apprehend the import of the count, it does not charge the defendants with having altered or added to a genuine instrument in such a manner as to change its character; but it simply avers that the defendants, having in their possession, custody, and control a certain paper containing the genuine signature of the Co-operative Foundry Company, a more particular description of which was unknown to the grand jury, "on the day and year last aforesaid, at the city and county aforesaid, willfully, unlawfully, and feloniously did falsely make, forge, and counterfeit the above set forth instrument above the said genuine and authorized signature of the said Co-operative Foundry Company," etc. Where a person in possession of a piece of paper containing the genuine signature of another fraudulently writes a promissory note over that signature, it will doubtless be conceded that he is just as guilty of the crime of forgery as though he had unlawfully signed that person's name to the note. Pen. Code, § 511; People v. Graham, 6 Parker, Cr. R. 135; Mann v. People, 15 Hun, 155–162. And that is substantially what the second count of this indictment charges the defendants with having done; for it avers that they had a genuine signature in their possession, and then, in the very language of the statute, charges them with having forged so much of the instrument as appears above that signature. The office of an indictment is to apprise the defendant of the nature of the crime with the commission of which he stands charged, and if it avers the offense as the statute defines it, stating all the circumstances which constitute such offense, it fulfills its office, and answers every requirement. Phelps v. People, 72 N. Y. 334. As the second point of the indictment under consideration, in our opinion, does set forth the offense within the rule just stated, we think it should have been permitted to stand.

Judgment reversed, demurrer overruled, and the case remitted to the county court of Monroe county, with directions to proceed under section 547 of the Code of Criminal Procedure. All concur.