HARVEY J. HURD and JAMES T. HURD, Respondents, v. GEORGE
WING, Appellant.

*Conveyance of land to one who agrees to pay for material used by the grantors
thereon — where the material was bought and used by a grantor who had no title
to the land the agreement is not enforcible — the relation of principal and surety is
created by such a contract, if enforcible.*

In an action brought by a firm of lumber dealers against George Wing, to recover
for lumber sold to Edson B. Sawdy, it appeared that in November, 1895, the
defendant conveyed certain premises to Edson B. Sawdy and that Sawdy
agreed to erect two houses thereon; that, on January 13, 1896, Sawdy con-
veyed the premises to his wife. May 1, 1896, Sawdy abandoned the contract
and on May 6, 1896, he and Mrs. Sawdy reconveyed the premises to the
defendant, upon the latter's agreement "to assume and pay all valid claims
for labor and for all material used by first parties for the construction of houses
and buildings thereon and to save and protect first parties harmless from each
and all said claims or demands thereon due and to grow due and owing."

The lumber for which the defendant was sought to be held liable was sold to Mr.
Sawdy and was used in the construction of the buildings. It did not appear
that any part thereof was furnished after Mrs. Sawdy became vested with the
title to the premises, or that she ever undertook the payment of the plaintiffs'
claim or that the premises were subject to a lien for the same.

*Held,* that, so far as the defendant's agreement to pay the plaintiff's claim was
made with Mrs. Sawdy, such agreement did not inure to the benefit of the
plaintiffs, as it did not appear that Mrs. Sawdy was liable to the plaintiffs for
such claim;

That, so far as the defendant's agreement was made with Mr. Sawdy, such
agreement was unenforcible by the plaintiffs, for the reason that it did not
appear that there was any consideration moving from Mr. Sawdy to the
defendant.

*Semble,* that the effect of the defendant's assumption of the claim, if enforcible
by the plaintiffs, was to make the defendant the principal debtor and Mr. and
Mrs. Sawdy the sureties.

APPEAL by the defendant, George Wing, from a judgment of the
Supreme Court in favor of the plaintiffs, entered in the office of the
clerk of the county of Erie on the 8th day of January, 1902, upon
the verdict of a jury, and also from an order entered in said clerk's
office on the 7th day of February, 1902, denying the defendant's
motion for a new trial made upon the minutes.

*Charles F. Tabor,* for the appellant.

*J. W. Russell,* for the respondents.

SPRING, J. :

The plaintiffs, who were copartners engaged in the business of lumber dealers commenced this action to recover for lumber and building materials alleged to have been sold to Edson B. Sawdy for which it is claimed the defendant became liable to pay.

It is urged by the appellant that the complaint fails to state a cause of action. It alleges the sale of the lumber to Edson B. Sawdy; that it was delivered upon premises owned by said Sawdy and his wife; that Sawdy and the defendant have paid of said indebtedness $1,025, the entire account being $1,345.91. It further alleges that on the 6th day of May, 1896, Sawdy and his wife conveyed the premises to the defendant and a contemporaneous agreement was entered into whereby the defendant agreed to pay the incumbrances upon the premises and also "to assume and pay all valid claims for labor and for all material used by first parties for the construction of houses and buildings thereon and to save and protect first parties harmless from each and all said claims or demands thereon due and to grow due and owing." An approximate statement of these claims was attached to the contract, that of the plaintiffs being fixed at $375. While the complaint does not in terms allege that the materials furnished by the plaintiffs went into the construction of these buildings, yet, in conjunction with the contract, that is its plain meaning. This interpretation is further made clear by the defendant's answer, which alleges that by the contract referred to he became liable for whatever lumber and material sold to Sawdy by the plaintiffs were used in the construction of the said houses, and further admits the delivery of said lumber, as alleged in the complaint, and the payment of $1,025 to them, but avers that such sum paid nearly, if not fully, for all the lumber so used. It is apparent, therefore, that the real controversy between the parties arises over the quantity of lumber used in said dwelling of that delivered by the plaintiffs.

It is somewhat unfortunate that the case comes to us with a very imperfect and unsatisfactory record. It appears, however, from the meagre facts disclosed that, in November, 1895, the defendant was the owner of the premises referred to in the complaint and conveyed the same to Edson B. Sawdy, and about the same time entered into an agreement whereby Sawdy agreed to erect two

houses upon the premises, each to cost not less than $6,000. On the 13th of January, 1896, Sawdy conveyed this property to his wife, and about the first of May abandoned his contract and he and Mrs. Sawdy executed a conveyance of the same to the defendant, as already mentioned.

There is nothing whatever in the record to show that Mrs. Sawdy was in any way liable to the plaintiffs for the debt sued upon. The lumber was sold to her husband, and there is nothing in the evidence indicating even that any part of it was furnished after Mrs. Sawdy became vested with the title, or that in the conveyance to her, or by any independent agreement, she assumed to pay this demand, or that her premises were even subject to a lien for the same.

Upon the motion for a new trial the learned trial justice, in his opinion, states that Mrs. Sawdy " undertook to pay for the material sold by the plaintiffs to her husband by furnishing to the defendant the means to pay it." If there was any evidence introduced on the trial justifying that statement, it is to be regretted that it is not contained in the record. We must, however, be controlled by the evidence in the appeal book, and that is barren of proof on that subject. It is not enough that there was a consideration from Mrs. Sawdy to the defendant to support this agreement whereby he assumed the payment of the claims for lumber and materials, but in order to make this inure to the benefit of the plaintiffs, Mrs. Sawdy must have been liable to them. This is the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268); *Townsend* v. *Rackham* (143 id. 516); *Embler* v. *Hartford Steam Boiler Ins. Co.* (158 id. 431, 436), and a long line of kindred cases.

It may be, in view of the fact that the only question litigated was as to the value of the lumber furnished by the plaintiffs and used in the construction of the said houses, that there was proof to show that Mrs. Sawdy had undertaken the payment of this debt, but there is nothing in the record which sustains that position.

In the second place, the record does not show that there was any consideration from Sawdy, the husband, to the defendant. The title was in Mrs. Sawdy, and she could pass a good title without associating her husband with her in the conveyance.

It is urged by the appellant, in view of the clause quoted from

the contract, that the agreement between the defendant and the Sawdys was one of indemnity only. This is not the construction to be given to agreements of this kind. If the defendant, upon taking the title to these premises, assumed the payment of this claim with others as part of the consideration of the conveyance, he became the principal debtor and the grantors the sureties. (*Clark* v. *Howard,* 150 N. Y. 232; 1 Wilt. Mort. Forec. § 223.)

It is to be deplored that there must be a retrial of this small case, which met a like fate when in this court on a former appeal (56 App. Div. 595), but as the record is presented to us, we see no escape from the legal objections to a recovery to which we have adverted.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

McLENNAN, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only, the facts having been examined and no error found therein.