EUNICE GRAVES, *Plaintiff in Error,* v. J. M. HARRIS & BRO., PARTNERS, *Defendant in Error.*

1. A final judgment is one that adjudicates the merits of the cause or disposes of the action.

2. A judgment for costs alone, though entered for the defendant after a verdict in his favor, will not support a writ of error, since such a judgment does not adjudicate the merits of the cause or dispose of the action, and is consequently not a final judgment.

3. Where a writ of error purports to be taken to a final judgment, and no such final judgment as will support a writ of error appears in the transcript, the court should not proceed to consider the errors assigned, but should dismiss the writ of error, whether a motion be made for that purpose or not, since, except in case of an order granting a new trial under the statute, a writ or error may properly issue only to a judgment adjudicating the merits of the cause or making a final disposition of the action in the trial court.

This was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of. the court.

*Calhoun & Campbell,* for Plaintiff in Error;

Graves v. Harris & Bro.—Opinion of Court.

*Ellis F. Davis,* for Defendants in Error.

PER CURIAM.—The writ of error herein purports to be addressed to a judgment entered in this cause after a verdict for the defendant, but the only judgment in the transcript is "that the defendants, J. M. Harris & Bro., a firm composed of J. M. Harris and E. Harris, do have and recover of and from the plaintiff, Eunice Graves, the sum of twenty-four and 39/100 dollars costs in this suit, and that execution do issue therefor."

The statute provides that "writs of error shall lie only from final judgments except" from "orders granting new trials." Sections 1691 and 1695, General Statutes of 1906.

A final judgment is one that adjudicates the merits of the cause or disposes of the action.

A judgment for costs alone, though entered for the defendant after a verdict in his favor, will not support a writ of error, since such a judgment does not adjudicate the merits of the cause or dispose of the action, and is consequently not a final judgment. Hall v. Patterson, 45 Fla., 353, 33 South. Rep. 982; Dexter v. Seaboard Air Line R. Co., 52 Fla. 250, 42 South. Rep. 695.

Where a writ of error purports to be taken to a final judgment and no such final judgment as will support a writ of error appears in the transcript, the court should not proceed to consider the errors assigned, but should dismiss the writ of error, whether a motion be made for that purpose or not, since, except in case of an order granting a new trial under the statute, a writ of error may properly issue only to a judgment adjudicating the merits of the cause or making a final disposition of the action in the trial court. Goldring v. Reid, 60 Fla. 250, 53 South. Rep. 503.

Upon the entry of a proper final judgment, a writ of error may issue thereon, and a motion may be made to use

the transcripts already here, to which the final judgment and writ of error may be attached by leave of this court. Goldring v. Reid, *supra*.

The writ of error is dismissed.

TAYLOR, HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J. concur in the opinion.