STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA, *Plaintiff in Error*, v. JOSEPHINE E. CRILL, et al., *Defendants in Error*.

En Banc.

Opinion filed May 5, 1930.

Petition for rehearing denied July 1, 1930.

*B. A. Meginniss,* and *Hampton & Hampton,* for Plaintiff in Error;

*Charles P. Cooper,* for Defendants in Error.

DAVIS, Commissioner:

It has been suggested by the defendant in error that the Court should dismiss the writ of error in this cause upon its own motion, because the transcript of the record contains no final judgment to which a writ of error will lie.

Section 4606, Comp. Gen. Laws of Florida 1927, provides. that ''Writs of error shall lie only from final judgments,'' except from an order granting a new trial at law, and it is a rule of this Court that where no final judgment appears in the record, whether a motion be made for the purpose or not, the writ of error will be dismissed (Flournoy v. Interstate Elec. Co., 61 Fla. 214, 55 So. R. 983; S. A. L. Ry. Co. v. Bennett, 47 Fla. 215, 36 So. R. 86; Zaring & Co. v. Humphreys, 68 Fla. 6, 65 So. R. 665; Goldring v. Reid, 60 Fla. 78, 53 So. R. 503) and the Court will not. consider the errors assigned. Graves v. Harris, 61 Fla. 254, 54 So. R. 390; Goldring v. Reid, *supra.*

In the proceeding before us, the plaintiff in error sought to condemn certain land for right of way purposes for a.

State road, together with a certain quantity of sand to be taken from other land of the defendants in error for the purpose of filling in and building up a right of way for said State road. The defendants in error in their answer to the petition filed by the plaintiff in error, took the position that said sand was not subject to condemnation under the statute under which the proceeding was brought. The State Road Department made a motion to amend its petition by striking therefrom all of those portions that related to the said sand and for a default judgment against the defendants for failure to plead, answer or demur to that portion of the petition relating to condemnation of land for a right of way. Upon hearing this motion the court, instead of granting or denying it, ordered:

"That the petition for condemnation filed by the petitioner under date of December 30, 1927, in so far as it seeks to condemn 6,000 cubic yards of sand to be taken from certain property in said petition described, be dismissed, and that said cause do proceed with the condemnation of the land for right-of-way purposes as set out and provided in and by said petition for condemnation;

"And it is further ordered that the judge of this court do proceed to draw the names of 20 persons from the box from which a jury of twelve shall be impaneled to try what compensation shall be made to the defendants for the property sought to be appropriated in accordance with law, making the venire returnable before this court at the court house in the City of Gainesville, Florida, on Monday, October 8, 1928, at ten o'clock A. M."

For the purpose of having this order of judgment reviewed the State Road department applied for and ob-

tained a writ of error. In response to the suggestion made by the defendants in error that the writ of error be dismissed, the plaintiff in error, with considerable force, has urged that under the statute, it was necessary for the writ to issue within thirty days from the making of the order; that that part of the petition relating to the sand, having been previously dismissed, in the final judgment for a right of way, the question of condemnation of sand would not be referred to; that the petition includes two separate and distinct causes of action, one being for sand to be taken from certain described real estate and the other for a right of way on a separate and distinct parcel of real estate, and that the order of the court dismissing that part of the petition relating to sand left nothing further for determination with regard to that particular cause of action so dismissed and such order was a final judgment within the meaning of our statute authorizing the suing out of a writ of error from a final judgment.

There is authority to support the proposition that where a distinct and separate branch of the cause is finally determined, although the suit is not ended, there may be an appeal (Nichol v. Dunn, 25 Ark. 129; State v. Shall, 23 Ark. 601; Kelver v. Seawall, 65 Fed. R. 373; Sharon v. Sharon, 67 Cal. 185, 7 Pac. R. 456, 2 Enc. Pl. & Pr. 70; Bunnell v. Berlin Iron Bridge Co., 66 Conn. 24, 37, 33 Atl. R. 533; Guarantee Tr. & Safe-Deposit Co. v. Philadelphia,. etc., R. Co., 69 Conn. 109, 38 Atl. R. 792, 38 L. R. A. 804; Bank of Mobile v. Hall, 6 Ala. 141, 41 A. D. 41; Neall v. Hill, 16 Cal. 145, 76 A. D. 508; Ware v. Richardson, 3 Md. 505, 56 A. D. 762; Wynn v. Tallapoosa Co. Bk., 168 Ala. 469, 53 So. R. 228; Howell v. Randle, 171 Ala. 451, 54 So. R. 563; Moulton v. Cornish, 138 N. Y. 133, 33 N. E. R. 842, 20 L. R. A. 370) and that where a suit contains several distinct causes of action and a judgment

as to some is final in its terms an appeal may be taken as to the causes on which the judgment is final (Scriven v. North, 134 Fed. R. 366; St. Jean v. Molleur, 40 Canada S. C. 139; Teaff v. Hewitt, 1 Ohio St. 511, 520, 59 A. D. 634) and it is said in 2 Std. Enc. of Procedure, 164, that:

"If the issues or questions in controversy can be separated and decided independently without prejudicing the rest of the case, there may be a final judgment disposing of a part of the case."

This authority, however, recognizes the general rule to be that a final decision disposes of the entire case.

Mr. Freeman in his work on Judgments (Vol. 1, 5th Ed., Page 43, Sec. 26) says:

"Sometimes several issues of law and of facts are presented for the consideration of the court in the same suit or proceeding. In such case there can be no judgment from which an appeal can be taken while it remains necessary for the court to determine some issue of law or of facts."

The same author on page 70 (Sec. 45) says:

"The general rule recognized by the courts of the United States and by the courts of most, if not of all, the states is, that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it."

And (page 69, Sec. 42) that:

"Decisions upon demurrers to the pleadings or upon pleas in abatement, and all orders disposing of some of the issues while others remain to be decided" are examples of interlocutory judgments.

To the same effect see 3 C. J. 446, 502, and it has been held that a final judgment, order or decree, is one that puts an end to the action or cause and leaves nothing to be determined (3 C. J. 441; Oldroyd v. McCrae, 65 Utah 142, 40 A. L. R. 230; Riley v. Jarvis, 43 W. Va. 43; 26 So. E. R. 366; Fort Worth Imp. Dist. No. 1 v. Fort Worth (Tex.), 158 So. W. R. 164, 48 L. R. A. (N. S.) 994; St. L., etc., v. So. Exp. Co., 108 U. S. 24, 27 L. Ed. 638, 2 S. C. 6; Case v. Ladd (Mass.), 2 Allen 130, 2 R. C. L. 39) and that a judgment or decree is not final or appealable unless it determines the merits of the controversy or the rights of the parties and leaves nothing for future determination. 3 C. J. 441; Billings v. Charlotte Observer, 150 N. C. 540, 64 So. E. R. 435; Sullivan v. A. B. & D. of the U. S., etc., 6 Fed. R. 2d series 1000, 42 A. L. R. 503; Trade Disc. Co. v. Cox, 143 Ky. 515, 136 So. W. R. 901; Luxton v. North R. Bridge Co., 147 U. S. 337, 37 L. Ed. 194.

The reason assigned by some of the courts for the rule requiring all of the issues to be finally disposed of before an appeal shall be taken is to avoid delay and confusion arising from *multiplied and successive appeals*. Luxton v. North R. Bridge Co., *supra;* Payne v. Satterfield, 114 Tenn. 58, 84 So. W. R. 800; Sholty v. Sholty, 140 Ill. 81, 29 N. E. R. 1041.

Coming now to the decisions of this Court, we find that a final judgment is one that adjudicates the *merits of the cause and disposes of the action* (Graves v. Harris, *supra;* Bell v. Niles, 60 Fla. 31, 53 So. R. 714); that puts an end to the *suit* (Branch v. Branch, 5 Fla. 447, 450); and that

at common law, there were ''two prerequisites to the right of review by writ of error; there must have been not only a finality of the cause in the inferior court but there must have entered into the judgment the element of involuntariness,'' (Mizell v. McCaskill, 57 Fla. 118, 120, 49 So. R. 501) and in Gates v. Hayner, 22 Fla. 325, it is said so long as the *action* is pending in the lower court, ''this Court cannot touch the case.'' In the last cited case no formal judgment had been entered upon an order sustaining the demurrer to the declaration and plaintiff in error does not question the wisdom of that decision. However, the language used is broad enough to apply to any case, and when we think of the different ''causes of action'' that may be stated in a declaration in one ''action'' or ''cause,'' and of the numerous issues that may be raised by pleas filed in a ''case,'' some of which may be and often are finally disposed of on demurrer, or otherwise, it is not difficult to perceive what a burden would be placed upon the appellate court if appeals and writs of error could be had without waiting for a final termination of the ''case'' in the lower court.

In any legal sense ''case,'' ''cause,'' ''action,'' and ''suit'' are convertible terms, each meaning a proceeding in a court (Blyew v. U. S., 80 U. S. 581, 595, 20 L. Ed. 638; Tillmamoon Co. v. Wilson R. R. Co., 49 Or. 390; 89 Pac. R. 958, 959; Bouvier's Law Dict.; Anderson Law Dict.), and this Court in Ex Parte Chesser, 93 Fla. 590, 597, 112 So. R. 87, has held that the words ''case'' or ''cause'' when used in legal terms are generally understood as meaning a judicial procedure for the determination of a controversy between parties where rights are enforced and protected or wrongs are prevented or redressed.

There was but one proceeding, one ''case,'' one ''cause,'' one ''suit,'' before the lower court and though the order

of the court struck from the petition what the plaintiff in error has termed one ''cause of action,'' such order did' not break this one ''suit'' or ''case'' or ''cause'' into two. Ex Parte National E. & S. Co., 201 U. S. 56, 50 L. Ed. 707.

The plaintiff in error, in its brief, contends that this Court has approved, in effect, the principle contended for by it and cites us to the case of Pleasant Valley Farms, etc., Co. v. Carl, 90 Fla. 420, 106 So. R. 427, and Theo. Hirsch Co. v. Scott, 87 Fla. 336, 100 So. R. 157. In the former case a writ of error was taken to an order dissolving a garnishment before final judgment in an action in which the writ of garnishment was issued and the Court held that in view ''of the decisions of this Court as to the severable nature of the attachment from the main action and the finality of an order dissolving such writs and from the analogies between the proceedings of attachment and garnishment we are of the opinion that they are in their nature and purpose similar so that an order dissolving a writ of garnishment is such a final judgment or order as that a writ of error will lie thereto under the statute.''

The ''decisions of this Court'' referred to in the foregoing quotation were rendered in the cases of Jeffreys v. Coleman, 20 Fla. 536; Williams v. Hutchinson, 26 Fla. 513, 7 So. R. 852; Mullen v. Camp, 46 Fla. 234, 35 So. R. 402. The Court in those cases recognized the principle that in actions of assumpsit and attachment proceedings ancilliary thereto, a writ of error will lie to an order dissolving or dismissing the attachment, and also, that the main action and ancilliary attachment proceeding are so far severable that on writ of error, the judgment may be affirmed as to the former and reversed as to the latter. In such cases the ancilliary proceedings can be effectually and finally disposed of without affecting in any way the main action. Here we have but one case—one proceeding—and

the order appealed from was not made in a proceeding distinct in itself from the original or main action. In the case of Theo. Hirsch Co. v. Scott, *supra,* the orders and decrees appealed from were made upon matters that arose after the judgment or decree adjudicating the rights of the parties to the suit and necessarily they were considered final decrees as to the rights adjudicated by them, for as stated in the following quotation from Thompson v. Denton, 95 Ohio St. 333, 116 N. E. R. 452:

"If it were to be held that the order in question is not a final order from which appeal will lie—and if it be hereafter held that error could not be prosecuted from the same order for the same reason—then we are making this very order final, conclusive and forever binding by the very act of holding that it is not final."

See also 2 R. C. L., pages 40-1.

Assuming that the order was sufficient in form as a judicial determination of the right of plaintiff in error to condemn sand to be taken from real estate, we are constrained to hold that the said order is not a final judgment in the sense that a writ of error will lie to it.

The writ of error is dismissed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the writ of error in this cause should be, and the same is hereby, dismissed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.