55 So.2d 534 (1951)
HILLSBORO PLANTATION, Inc.
v.
PLUNKETT.
Supreme Court of Florida, Special Division B.
December 14, 1951.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellant.
Eugene M. Baynes, West Palm Beach, for Robert L. Plunkett, appellee.
Blackwell, Walker & Gray, Miami, for Florida Power & Light Co., cross-appellee.
ROBERTS, Justice.
This cause is before us on a motion to dismiss an appeal on the ground that the judgment appealed from is not a "final" judgment. The proceedings culminating in the appeal with which we are here concerned, and which we will hereinafter refer to as the "cross-appeal," are as follows:
Robert L. Plunkett sued the Florida Power and Light Company and Hillsboro Plantation, Inc., jointly and severally, for injuries sustained by Plunkett while working on a power pole owned by Florida Power and Light Company and used in its electric distribution system serving Hillsboro Plantation, Inc. Plunkett was employed by Southeastern Utilities Service Company, which was engaged in assisting Florida Power and Light Company in the repair of the system under a contract with the latter company.
Florida Power and Hillsboro filed their separate answers, each denying negligence and alleging the contributory negligence of Plunkett; and Florida Power also defended on the ground that its liability, if any, was exclusively under the provisions *535 of the Workmen's Compensation Act, F.S.A. § 440.01 et seq. Trial was had before a jury, and a verdict in favor of both defendants was returned. A motion for new trial was filed by Plunkett and, after a hearing, the lower court denied the motion as to Florida Power on the ground that its liability to Plunkett was exclusively under the Workmen's Compensation Act. As to Hillsboro, the motion for new trial was granted for error in the court's charge to the jury on the question of contributory negligence. Subsequently, a final judgment against Plunkett and in favor of Florida Power was entered, including a judgment for Florida Power for its costs in the suit. Hillsboro has appealed from the order granting a new trial of Plunkett's claim against it, as authorized by Section 59.04, Florida Statutes, F.S.A. and Plunkett has appealed from the judgment entered in favor of Florida Power, and which we term the "cross-appeal." We are here concerned only with questions arising under Florida Power's motion to dismiss such cross-appeal.
It is the contention of Florida Power on this appeal that the judgment in its favor is interlocutory and that it will not become a final and appealable judgment until the case against Hillsboro is finally disposed of in the Circuit Court, under the authority of Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, and cases following that decision. The rule of the Hohorst case is that where suit is against several defendants, allegedly jointly liable, disposition of the cause as to some of them with no determination as to the others is not final.
It should be noted that the federal courts have declined to follow and apply the rule of the Hohorst decision in those cases involving an appeal from a judgment affecting one but not all of multiple defendants where the claim adjudicated is separable from and collateral to rights asserted in the action. See Swift & Co. Packers v. Compania Colombiana Del Caribe, 70 S.Ct. 861, 339 U.S. 684, 94 L.Ed. 1206; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Thompson v. Murphy, 8 Cir., 93 F.2d 38; Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83; Siegmund v. General Commodities Corporation, Ltd., 9 Cir., 175 F.2d 952.
In Siegmund v. General Commodities Corporation, Ltd., supra, where several defendants were sued jointly and severally and the cause dismissed as to some but not all the defendants, it was contended that the appeal as to the partial joint defendants should be dismissed and the appellant required to remain in the lower court until the question of joint liability of all was determined, under the authority of the Hohorst case, supra. As to this contention, the court stated that "Without determining whether a final judgment could be entered below if only joint liability were asserted, we think that where a several liability is also asserted a final judgment may be entered as to the several liability. Here, since such a judgment of several liability is entered, we deny the motion to dismiss."
In courts of other jurisdictions, it appears to be generally held that, if a decree dismissing one or more of a larger number of defendants whose interests are not all connected with the others finally settles the cause as respects those defendants dismissed, such decree is final and appealable. Ghaster v. City of Fostoria, 115 Ohio St. 210, 152 N.E. 651, 46 A.L.R. 1439; Attorney General v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726; and the cases cited in the annotation in 80 A.L.R. at page 1192 et seq.
The facts in the instant case, however, do not bring it squarely under the rule of the Hohorst case, nor the exceptions thereto. Here, the defendants are separately charged with distinct acts of negligence; and under the pleadings and the court's charge to the jury, the jury had the right to find that the separate acts of negligence of each defendant, operating concurrently, resulted in the injuries here complained of; or that the negligence of one or the other of the defendants was the sole cause of the injuries; or, of course, that neither defendant was responsible therefor. The case *536 was fully tried on the merits; and it would appear that, under the authority of Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353, 359, a judgment on a verdict of not guilty as to Florida Power would have been appealable by Plunkett even in the absence of entry of final judgment on a verdict against Hillsboro  and, by analogy, in the absence of entry of final judgment because of the granting of a new trial as to Hillsboro.
But we also have here a situation in which, after a trial on the merits, the verdict in favor of Florida Power has been affirmed, and final judgment entered, on the basis of an issue which has nothing whatever to do with the question of Florida Power's negligence  whether operating independently, or concurrently with that of Hillsboro, to cause Plunkett's injuries. Nothing that transpires in a subsequent trial, if any, of Plunkett's claim against Hillsboro could have any effect on the judgment in favor of Florida Power, so that there would be no basis in law or in fact for a reversal by the very able judge of his decision as to Florida Power  entered upon a considered opinion and after denying Plunkett's petition for a re-hearing  during a re-trial of the cause against Hillsboro; and Florida Power would be the first to complain and rightly so  of such a reversal.
A judgment is "final" for the purposes of an appeal when it terminates a litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined. State Road Department v. Crill, 99 Fla. 1012, 128 So. 412. And, under that definition the judgment in favor of Florida Power is a "final" judgment.
And if, as is frequently stated, the purpose of requiring a final decision as to all defendants before permitting an appeal as to the claim against one, is to avoid "piecemeal" or "fragmentary" appeals, there is still no reason for disallowing the cross appeal. Here, the cause and the record are already before this court on the appeal by Hillsboro, the only other defendant in the cause; and the convenience of the court and the parties will be best served by allowing the cross-appeal to stand so that it may be decided at the same time as that of Hillsboro.
The inconvenience and injustice which would result from postponing a decision on the cross-appeal until the final determination of the cause as to Hillsboro is immediately apparent. Thus, if this court should sustain the order granting a new trial as to Hillsboro, the case will be retried between Plunkett and Hillsboro; and if, after judgment in that case has been finally entered, it is held by this court that the judgment in favor of Florida Power on the first trial was erroneously entered, then the case will be remanded for a third trial  this time between Plunkett and Florida Power. On the other hand, if Plunkett's cross-appeal is decided by this court at the same time that Hillsboro's appeal now before us is decided, then the possibility of a third trial  with the expense in time and money which such litigation would involve  is avoided, since a decision now on the cross-appeal will necessarily result either in (1) a remand of the case against Florida Power for a joint re-trial with that against Hillsboro, or (2) if the judgment in favor of Florida Power is affirmed, an end to the litigation between Plunkett and Florida Power.
For the reasons stated, the motion to dismiss the cross-appeal is denied.
SEBRING, C.J., and CHAPMAN and THOMAS, JJ., concur.