# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D21-1170
_____

LYNETTE DESHOTELS,

Appellant,

v.

DON STEWART, registered agent
of Gulf View Beach Service and
SUN CHASERS, INC;
RESORTQUEST NORTHWEST
FLORIDA, LLC; and WYNDHAM
VACATION RENTALS NORTH
AMERICA, LLC,

Appellees.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

September 14, 2022

PER CURIAM.

AFFIRMED.

ROBERTS and MAKAR, JJ., concur; TANENBAUM, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

TANENBAUM, J., dissenting.

Lynette Deshotels purports to directly appeal two court orders granting motions to dismiss for her failure to effectuate timely service of process under Florida Rule of Civil Procedure 1.070(j). This rule allows dismissal of an action or of unserved defendants, without prejudice, if service of process is not accomplished within 120 days. Each order dismissed two defendants from the suit. At the prompting of this court (presumably), Deshotels obtained from the trial court a mistitled "Final Judgment," which simply finalized the defendants' dismissal "from this action without prejudice."

We have jurisdiction under the Florida Constitution to conduct direct appellate review of two types of trial court orders: "final judgments or orders," and non-final orders as specified by the Florida Supreme Court by rule. Art. V, § 4(b)(1), Fla. Const. Dismissal of a complaint because a plaintiff fails to accomplish service of process within 120 days is an administrative mechanism. *Totura & Co., Inc. v. Williams*, 754 So. 2d 671, 678 (Fla. 2000) (explaining that "technical defenses" are not to be "the centerpiece of the litigation," obscuring or wholly overshadowing the merits, and this "bedrock principle supports the proposition that rule 1.070(j) is intended to be a case management tool, not an additional statute of limitations cutting off liability of a tortfeasor" (internal quotation and citation omitted)). The dismissal does not operate as an adjudication on the merits. Fla. R. Civ. P. 1.070(j). If there otherwise is no rule that lists this type of dismissal as an appealable non-final order, please answer this: How possibly could there be jurisdiction for this court to review the dismissal *without prejudice* we find in this appeal as if it were a final order?

Well, if I may speak frankly, a previous panel of this court got it wrong when it concluded that we did. *See Carlton v. Wal-Mart Stores, Inc.*, 621 So. 2d 451, 452 (Fla. 1st DCA 1993). That panel made a distinction between a dismissal "'without prejudice' to file another, separate, [sic] action" and a dismissal "'without prejudice' to file an amended complaint in the first action." *Id.* According to that panel: "We believe that, because the dismissal ends the judicial labor in the first action, the dismissal is sufficiently 'final' to permit an appeal." *Id.* Really? When it comes to determining our jurisdiction, this purely administrative distinction makes no difference.

The panel in *Carlton* misconstrued the nature of such a "final" order. Regardless of whether a plaintiff can re-file her complaint under the same case number or must file the same complaint under a new case number in the same court, one cannot fairly say that the judicial labor has come to an end. Under the circumstances of this case, where the defendants apparently were not served with process, there has been no judicial labor *at all* to adjudicate the rights of the parties. Because there has not been a start to the judicial labor in the case, there could be no end. The trial court's orders on review decide nothing as between the plaintiff and the defendants—no rights determined, no controversy conclusively disposed of. There can be no res judicata; there is no executable judgment and no preclusive order. There is no order for us to review for whether it is supported by competent, substantial evidence, and there is no legal question to review de novo. The "final judgment" is not recordable in the official records, and an affirmance here will do nothing to affect the legal relationship between the parties. Making the purported exercise of jurisdiction here particularly silly is this: The day after this court's affirmance becomes final and the mandate issues, Deshotels can turn around and file a motion to reinstate the suit under the same case number, or she could file the exact same suit against the identical defendants in a new action.

*Carlton* also overlooks early decisions of the supreme court that described the judicial action necessary to make an order constitutionally "final" for appellate review. In one case, the court explained that the judicial labor in a case is brought to an end by an order when it "finally disposes of every question involved in the

3

case. It certainly leaves nothing open for future decision, nor does it contemplate that any further action is to be had in the cause, other than to enforce the decree rendered." *State v. White*, 24 So. 160, 165 (Fla. 1898); *see also State Rd. Dep't v. Crill*, 128 So. 412, 414 (Fla. 1930) (defining "a final judgment, order, or decree" as "one that puts an end to the action or cause and leaves nothing to be determined"). Put another way, an order cannot be "final or appealable unless it *determines the merits of the controversy or the rights of the parties*" conclusively. *Id.* (emphasis supplied); *see also Hillsboro Plantation v. Plunkett*, 55 So. 2d 534, 536 (Fla. 1951) ("A judgment is 'final' for the purposes of an appeal when it terminates a litigation between the parties *on the merits of the case* and leaves nothing to be done but no enforce by execution what has been determined." (emphasis supplied)).

Put simply, the *Carlton* panel went astray because it looked only at whether the proceeding was "closed," not at whether the order on review effected conclusively a change in the rights or legal relationship existing between the parties. In fact, an order can be "final" (and therefore appealable) as to the adjudication of rights or relationships between the parties on one discrete claim or issue, even though the case does not close because there is more judicial labor required to adjudicate other questions of rights and relationships. *Cf. S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974) (explaining that an order can be final and appealable, even if there are issues or causes remaining in the case, provided the order on review "adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court"); Fla. R. App. P. 9.110(k).

We should look qualitatively at the nature of a trial court order on review—rather than simply at whether the case has been "closed" (administratively or otherwise)—to determine whether it is constitutionally "final." Such a qualitative look in this case reveals that the "final judgment"—and the underlying orders ostensibly being appealed—do nothing conclusively on the merits of anything. Under any *historic* definition of a final order set out by the supreme court, the order on appeal is not final in the constitutional sense. That means we do not have jurisdiction to conduct direct review, and we should dismiss the appeal.

4

Adam K. Jarvis of Jarvis Law Firm, PC, Mobile, Alabama, for Appellant.

Mark D. Tinker of Cole, Scott & Kissane, P.A, Tampa; Randall G. Rogers and Aaron T. McCurdy of Cole, Scott & Kissane, P.A., Pensacola, for Appellees Don Stewart and Sun Chasers, Inc.

Benjamin C. Patton of McRae & Metcalf, P.A., Tallahassee, for Appellees ResortQuest Northwest Florida, LLC and Wyndham Vacation Rentals North America, LLC.