FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA
Case No. 5D2024-1844
LT Case No. 2024-11429-CIDL

TERA B. LAU,

    Petitioner,

    v.

ADEWALE OLUDE,

    Respondent.

—————————————————

Petition for Certiorari Review of Order
from the Circuit Court for Volusia County,
Leah Ransbottom Case, Judge.

Tera B. Lau, Deltona, pro se, Petitioner.

Selene C. Vazquez and W. Scott Mason, of Fox Rothschild
LLP, West Palm Beach, for Respondent.

March 7, 2025

PER CURIAM.

    Tera Lau sued Adewale Olude, the process server her husband had used in connection with the couple's family-law dispute. In her complaint, Lau asserted causes of action for defamation, fraud, fraudulent billing, unjust enrichment, and abuse of process. The suit stemmed from Olude allegedly noting on the return of service

that Lau had threatened to sic her dogs on him. Lau filed numerous clearly frivolous motions and engaged in other dilatory conduct within the context of her suit.

Having had enough with Lau's approach to litigation, the chief judge of the judicial circuit—not the judge assigned to the case—issued a show cause order, directing Lau to explain why she should not be barred from further *pro se* filings. Lau's response attacked the chief judge and made other off-topic assertions, utterly failing to address the concerns raised in the show-cause order. The chief judge took Lau's response as further evidence of her vexatious approach not just to that case but also the many other meritless suits that Lau had filed in the circuit. The judge noted Lau had filed nineteen meritless suits, thirteen of those in 2024 alone. The chief judge also noted the over 700 dilatory e-mails Lau sent in 2024 to trial-court staff in her many cases. The chief judge characterized Lau's conduct as abuse of the judicial process and barred Lau from further *pro se* filings seeking affirmative relief within the circuit. Going forward, Lau would have to find a member of The Florida Bar to make any such filing on her behalf.

The chief judge's order bears a close resemblance to a "prefiling order prohibiting a vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit," an order authorized under Florida's Vexatious Litigant Law. § 68.093(4), Fla. Stat.; *see also id.* ("Leave of court shall be granted by the administrative judge only upon a showing that the proposed action is meritorious and is not being filed for the purpose of delay or harassment."); *id.* (5) ("The clerk of the court shall not file any new action by a vexatious litigant pro se unless the vexatious litigant has obtained an order from the administrative judge permitting such filing.").

Lau now seeks to appeal that order. But the order is not an appealable final order because it is not the conclusive exercise of judicial power determining rights between the parties. *See State Rd. Dep't v. Crill*, 128 So. 412, 414 (Fla. 1930) (noting "a judgment or decree is not final or appealable unless it *determines the merits of the controversy or the rights of the parties* and leaves nothing for future determination" (emphasis supplied)); *S.L.T. Warehouse Co.*

2

*v. Webb*, 304 So. 2d 97, 99 (Fla. 1974) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected."); *cf. Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 711 (2015) (Thomas, J., dissenting) (describing the exercise of judicial power as the conclusive "[d]isposition of private rights to life, liberty, and property"). The order also is not an appealable non-final order listed in Florida Rule of Appellate Procedure 9.130.

Rather than dismiss this appeal, we treat Lau's ostensible request for relief as a petition for writ of *certiorari. See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought; provided that it will not be the responsibility of the court to seek the proper remedy."); *see also Swift Response, LLC v. Routt*, Case No. 1D23-785, 2025 WL 321912 (Fla. 1st DCA Jan. 29, 2025) (explaining how the writ of certiorari is extraordinary relief available to correct "a seriously harmful irregularity" stemming from a trial court's order, when "there is no constitutional pathway to full relief via direct appellate review"). That said, Lau fails in her initial brief (which we treat as her petition) to identify how the trial court's order qualifies as a departure from the essential requirements of law or otherwise as a miscarriage of justice, she fails to state a basis for relief. *Cf.* Fla. R. App. P. 9.100(h) (providing for a response to an original petition only if it "demonstrates a preliminary basis for relief"); *see also* Fla. R. App. P. 9.315(a) (providing for summary affirmance after service of an initial brief in an appeal if "no preliminary basis for reversal has been demonstrated"). Indeed, the conduct described in the chief judge's pre-filing order—corroborated by Lau's continued vexatious conduct in the multiple cases she has opened with this court—strongly support the chief judge's action as authorized by law and warranted by the circumstances of Lau's own making.

DISMISSED.

3

LEWIS, WINOKUR, and TANENBAUM, JJ., Associate Judges,[*] concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

_____

[*] Sitting as Associate Judges of the Fifth District Court of Appeal in this case by designation and order of the Chief Justice of the Florida Supreme Court.

4