342 So.2d 1063 (1977)
MOUNT SINAI HOSPITAL OF GREATER MIAMI, INC., Appellant,
v.
Dr. Rene M. MORA, Appellee.
Nos. 76-364, 76-365.
District Court of Appeal of Florida, Third District.
March 1, 1977.
Talburt, Kubicki & Bradley and Brett D. Anderson, Jeanne Hayward, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Thomas & Pearl, Miami, for appellee.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
On June 3, 1975, Anna Cabal filed an action against Mount Sinai Hospital of Greater Miami, Inc., herein referred to as Mt. Sinai.
On November 21, 1975, Mt. Sinai filed an answer, and separately filed a third party complaint against Dr. Rene M. Mora. In its answer, the defendant hospital denied negligence and pleaded contributory negligence and assumption of risk, and averred that the injurious result alleged by the plaintiff was caused by the negligence of Dr. Mora, his employees and servants.
In the third party complaint filed against Dr. Mora it was alleged that the plaintiff was treated in the hospital by Dr. Mora; that the acts of negligence alleged in the complaint were those of Dr. Mora; and Mt. Sinai prayed that if judgment should be entered against it in the case, judgment be entered on its third party complaint against Dr. Mora for contribution or indemnity.
A motion was filed by Dr. Mora to dismiss Mt. Sinai's third party complaint against him, on the ground that Mt. Sinai had not exhausted its administrative remedy by submitting its claim against Dr. Mora *1064 to mediation, pursuant to Section 768.133 Florida Statutes, which now appears as Section 768.44 Florida Statutes, 1976 Supp. A second ground stated in the motion to dismiss was that the court was without jurisdiction to entertain the third party complaint, because it represented a malpractice claim filed in court after July 1, 1975, without prior mediation as provided for by the statute. The motion was granted. Mt. Sinai filed an appeal (No. 76-364) and filed an interlocutory appeal (No. 76-365). Those were consolidated and progressed as a plenary appeal.
Section 768.44 Florida Statutes, 1976 Supp., in subsection(1)(a), provides as follows:
"Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state."
The above-quoted statutory provision for a person having a medical malpractice claim to submit such claim to a medical liability mediation panel, before an action may be filed thereon, is not applicable to a case instituted before July 1, 1975, by reason of subsection (10) of said Section 768.44, which reads as follows:
"The provisions of subsections (1) through (9) shall not be applicable to any case in which formal suit has been instituted prior to the effective date of those subsections, which shall be July 1, 1975."
In seeking reversal, the appellant relies on the above-quoted subsection (10) of Section 768.44, contending its third party complaint against Dr. Mora was procedurally authorized, and thus was a part of the "case" which was exempted from the provisions relating to prior resort to a mediation panel. The appellee contends the third party complaint against Dr. Mora filed after July 1, 1975, was not entitled to be proceeded in as a part of the exempted case without prior submission thereof to a mediation panel.
In evaluating those opposite contentions of the parties, we have been shown no Florida decisions dealing directly with the situation presented here. On consideration thereof, we hold it was error to dismiss the defendant's third party complaint against Dr. Mora for contribution or indemnity.
The filing of the third party complaint by the defendant was procedurally authorized by Fla.R.Civ.P. 1.180. The proceedings thereon, including such judgment as might be rendered on the third party complaint following a judgment in favor of the plaintiff against the defendant Mt. Sinai, would be integral parts of the entire (exempted) case.
In First National Bank of Miami v. Bebinger, 99 Fla. 1290, 128 So. 862, 863 (1930), it was said: "The words `case' or `cause,' when used as legal terms, are generally understood as meaning a judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected or wrongs are prevented or redressed". In that case the Supreme Court held that supplementary proceedings taken in a cause for enforcement of a judgment which had been entered therein were part of the case or action in which the judgment was rendered. In Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2 Cir.1953) cited by appellant, the court said: "* * * the word `action' as used in the Rules [of Civil Practice] denotes the entire controvesy". See State Department v. Crill, 99 Fla. 1012, 128 So. 412, 415 (1930); State v. Furen, 118 So.2d 6, 9 (Fla. 1960).
This case does not present an instance of where a plaintiff after filing a medical malpractice case against one of two joint tortfeasors prior to July 1, 1975, after that date, without prior submission to a mediation board, by an amendment of the complaint joins and asserts a medical malpractice claim against the other joint tortfeasor.
*1065 The instant case represents an authorized third party complaint by which the defendant seeks contribution (in event of an adverse judgment against it) as provided for under Section 768.31 Florida Statutes, 1976 Supp., and alternatively seeks indemnification against the third party defendant if the facts should so warrant. As to contribution, although subsection (4)(c) of Section 768.31 permits contribution to be sought by separate action, within a stated time after judgment rendered against the party seeking contribution, that would not prevent or preclude the defendant Mt. Sinai from seeking contribution or indemnity by the authorized procedure of filing a third party complaint therefor in the (exempted) case, during the pendency of the case, although final disposition of the claim for contribution or indemnity necessarily would come after judgment in favor of the plaintiff against the defendant, if obtained. See Chappell v. Scarborough, 224 So.2d 791, 796 (Fla.1st DCA 1969); Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla.2d DCA 1969); Jerome Nagelbush, Inc. v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla.3d DCA 1977).
In this case we are not called upon to decide, and we express no opinion on the effect of the use of such third party procedure for that purpose without prior submission to a mediation panel, in a medical malpractice case filed after July 1, 1975. We hold the procedure was appropriate here as an integral part of the case which was filed on a date that exempted the case from the provisions of Section 768.44 Florida Statutes, 1976 Supp.
Accordingly the order appealed from is reversed and the cause remanded for further proceedings not inconsistent herewith.