363 So.2d 598 (1978)
WALT DISNEY WORLD CO., Appellant,
v.
MEMORIAL Hospital, a/K/a Hollywood Memorial Hospital, Appellee.
No. 77-1343.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
John L. O'Donnell, Jr., of Helliwell, Melrose & DeWolf, Orlando, for appellant.
John A. Leklem, of Anderson & Leklem, P.A., Orlando, for appellee.
BERANEK, Judge.
This is an appeal from an order dismissing a third party complaint against a hospital with prejudice. Appellant is the defendant/third party plaintiff. The hospital is the appellee/third party defendant. In this case the original plaintiff sued the defendant, Walt Disney World Co., for an injury on the premises of the defendant resulting from defendant's alleged negligence. The defendant filed a third party action against Memorial Hospital alleging the plaintiff's injuries were aggravated by negligent treatment in the hospital. The complaint sought indemnity and contribution from the third party defendant. The trial court dismissed the third party action against the hospital on the grounds that third party claimant did not allege that the action had been the subject of a prior mediation *599 proceeding before an appropriate medical liability mediation panel in accordance with § 768.44, Fla. Stat.
A claim for indemnity in a situation similar to this was the subject of Supreme Court consideration in Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977). Under the clear dictates of that decision, there is no valid claim for indemnity between these parties.
The contribution claim is a distinct matter. This claim is based on § 768.31, Fla. Stat., known as the Uniform Contribution Among Joint Tortfeasors Act. This statute creates a new cause of action for contribution among joint tortfeasors. The parties have apparently assumed the validity of this contribution claim. We expressly do not decide this issue. Our decision now relates only to the requirements of § 768.44 Fla. Stat., and whether mediation is required thereby.
The appellee Hospital argues that this is a medical malpractice case within the meaning of § 768.44, Fla. Stat., which provides in relevant part as follows:
"Any person or his representative claiming damages by reason of injury, death or monetary loss on account of alleged malpractice by any medical or osteopathic physician ... or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this State."
Since the malpractice claim against the Hospital was not submitted to a medical mediation panel, it is urged that the trial court correctly dismissed the cause.
The appellant argues that this is not the type of claim ever intended to be mediated, that it is not a malpractice claim because it is a statutory claim for contribution and that constitutional safeguards prohibit dismissal of the action.
The policy of the State of Florida is that announced by the Legislature in the statute now designated as § 768.44, Fla. Stat. The purpose of this statute was to meet a crisis in the area of medical care. The preamble of the statute initially enacted in Chapter 75-9, Laws of Florida, was to the effect that the prohibitive cost of medical malpractice insurance might well cause doctors to curtail their practices, retire or practice defensive medicine at increased cost to the citizens of Florida. In recognition of this problem of crisis proportion, the Florida Legislature established certain barriers to the bringing of malpractice claims against doctors and health care providers. Clearly, through this statute, the alleged negligence of a hospital is treated differently from the negligence of a landowner. These distinctions in treatment have been upheld by the Florida Supreme Court as a valid categorization notwithstanding a multi-faceted constitutional attack. In Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), the Court stated that:
"Even though the pre-litigation burden ... reaches the outer limits of constitutional tolerance, we do not deem it sufficient to void the medical malpractice law."
The constitutional argument of class legislation favoring a particular group of defendants is dramatically illustrated in this situation where the personal injury plaintiff may sue defendant, Walt Disney World Co., for negligence, but this same defendant may not sue the Hospital for contribution without first submitting the claim to mediation under § 768.44. By legislation this disparate standing within legal processes is justified by the end sought to be accomplished.
In the instant situation we cannot accept appellant's argument that because the claim is based on a contribution statute, it does not fit within the medical malpractice mediation requirements. The claim is clearly one for medical malpractice. Unless some portion of the plaintiff's damages is due to fault of the hospital, there will be no contribution between the third party defendant and third party plaintiff. We stress that the mediation required here is not the mediation of the contribution *600 claim but is instead the mediation required of the issue of actionable negligence. Therefore, under the statute, a mediation panel must first answer the question of whether the hospital was actually actionably negligent in the care or treatment of the patient. Under all of the circumstances, we can see no reason to hold that the instant claim does not come within the statute. Appellant urges consideration of Mount Sinai Hospital of Greater Miami, Inc. v. Mora, 342 So.2d 1063 (Fla. 3d DCA 1977). This case is readily distinguishable and we hold it has no application here.
The dismissal with prejudice below is hereby affirmed.
AFFIRMED.
DOWNEY, C.J., and CROSS, J., concur.