SUNDBERG, Justice.
We decide in this appeal whether the benefits of the Medical Mediation Act[1] may be afforded a codefendant joined subsequent to the effective date of the Act, but denied to the original defendant against whom suit was filed prior to the Act’s effective date. Because the Circuit Court of Dade County held the Medical Mediation statute unconstitutional as applied to Dr. Valentine, we have jurisdiction over that order as well as over all other issues properly preserved for appeal. Art. V, § 3(b)(1), Fla.Const.; Allen v. State, 326 So.2d 419 (Fla.1975); P. C. Lissenden Co. v. Board of County Commissioners of Palm Beach County, 116 So.2d 632 (Fla.1959).
In a cesarean delivery on December 27, 1973, Mrs. Marta Medel gave birth to a son who tragically emerged with permanent brain damage. Mrs. Medel was attended by an obstetrician, Dr. E. Henry Valentine, and an anesthesiologist, Dr. Harry Cohen. Alleging medical malpractice as the cause of their son’s brain damage, Mr. and Mrs. Medel filed suit against Dr. Valentine on April 22, 1975.
On the first day of July, 1975, the Medical Mediation Act, which grants certain medical defendants the right to mediation prior to the institution of malpractice proceedings against them in circuit court, became effective as to’suits filed on or after that date. On December 19, 1975, the Me-dels joined Dr. Cohen as codefendant in their suit against Dr. Valentine. Appellants instituted medical mediation proceedings against Dr. Cohen pursuant to the Act, and a mediation hearing was held on June 3, 1976. Appellants chose not to present any evidence at the hearing, resulting in the panel’s finding of no actionable negligence on the part of Dr. Cohen.
During appellees’ trial, counsel for Dr. Cohen was permitted to introduce the mediation finding of no actionable neglience into *1156 evidence. Counsel for the Medels, on the other hand, obtained a ruling which permitted the jury to hear that the Medels did not present any evidence before the mediation panel.[2] The jury responded with a verdict of one million dollars against Dr. Valentine and a finding of no liability as to Dr. Cohen. The trial court, however, granted Dr. Valentine’s motion for a new trial on the grounds that application of the Medical Mediation Act under these peculiar circumstances denied Dr. Valentine equal protection. Appellants’ motion for a new trial against Dr. Cohen was summarily denied.
Appellants argue that the trial court erred in holding the Medical Mediation Act unconstitutional as applied to this case. They contend alternatively that if this Court finds that application of the Act to Dr. Cohen resulted in prejudice to Dr. Valentine, a new trial should be ordered for both appellees because of the similarity and interrelationship of the issues involved.
 We agree with appellants that a new trial is required for both Dr. Valentine and Dr. Cohen. Our decision, however, rests on purely statutory grounds. By its terms the Medical Mediation Act “shall not be applicable to any case in which formal suit has been instituted prior to July 1, 1975.” § 768.133(10), Fla.Stat. (1975). We read subsection (10) to exempt from the provisions of the Medical Mediation Act all elements of a controversy, including the joinder of additional defendants, which arise from a single medical transaction or a series of related medical transactions where suit was filed prior to July 1, 1975. The allegedly negligent acts of Drs. Valentine and Cohen were components of essentially one transaction — the timing and delivery of the Medel baby. Hence the filing of the complaint against Dr. Valentine served to exempt the entire controversy, notwithstanding Dr. Cohen’s joinder subsequent to the Act s effective date.
In Mount Sinai Hospital of Greater Miami, Inc. v. Mora, 342 So.2d 1063 (Fla. 3d DCA 1977), the District Court of Appeal, Third District, correctly held that a third-party cause of action, filed after the effective date of the Medical Mediation Act but arising from an action filed prior to the effective date, was not subject to mediation. Accord, O’Grady v. White, 345 So.2d 358 (Fla. 3d DCA 1977). We perceive no reason why the logic underlying the Mount Sinai decision should not apply with equal force to this case.
The error occasioned by application of the Medical Mediation Act thus entitles appellants to a new trial against Dr. Cohen, for the panel’s finding of no actionable negligence prejudiced the Medels to the extent of making their case against Dr. Cohen more difficult to prove. Concomitantly, Dr. Valentine is deserving of a new trial because the cloak of innocence bestowed upon Dr. Cohen by the mediation panel necessarily implicated Dr. Valentine as a negligent party.[3]
Accordingly, the trial court order granting Dr. Valentine a new trial is affirmed, the order denying appellants’ motion for a new trial against Dr. Cohen is reversed, and this cause is remanded to the Circuit Court of Dade County for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.

. § 768.133, Fla.Stat. (1975), now codified as § 768.44, Fla.Stat. (Supp.1978).

. Due to our disposition today, it is of no consequence that the trial court committed error in permitting the jury to hear that appellants presented no evidence before the mediation panel. See Fisher v. Herrera, 367 So.2d 204 (Fla. 1978).

. Appellants’ contention that Dr. Valentine waived his objection to the mediation procedure employed is unavailing. The record reflects that the trial court and all parties were well aware of the unusual situation, and that Dr. Valentine made his objections known to the court.