DANAHY, Judge.
Ronald Hickox, as personal representative of the estate of Katherine H. Hickox, deceased, appeals an order of dismissal with prejudice in a medical malpractice action against the estate of Maurice Cohen, M.D., and Dr. Cohen’s insurance carriers. The dismissal was granted because “no claim for mediation was filed within two years of the date of the death of the decedent, Katherine H. Hickox, as required by the provisions of Sections 768.44 and 95.11(4)(d), Florida Statutes . . . .” We reverse.
Katherine Hickox died on June 11, 1974. On June 30,1975, Ronald Hickox, as personal representative, filed a complaint in circuit court against Dr. Ira Gouterman, University Community Hospital, Inc., and their respective insurance carriers. On July 1, 1975, the mediation provisions of the Florida Medical Malpractice Reform Act, Section 768.44, Florida Statutes, went into effect. On June 11, 1976, Hickox filed an amended complaint adding several defendants, including the Cohen estate. Cohen’s estate filed a motion to dismiss because of the bar of the statute of limitations and Hickox’ failure to file a mediation claim prior to filing the civil action. The court granted the dismissal of Cohen’s estate for lack of jurisdiction because no mediation claim had been filed.
On June 14,1977, Hickox filed a claim for medical mediation and proceedings were had on that claim which resulted in a decision in favor of Cohen’s estate filed April 19, 1978. Hickox then filed a motion in the action still pending in circuit court to reinstate the count in the original complaint which had previously been dismissed as to Cohen’s estate. The court granted the motion to reinstate. Cohen’s estate filed its answer to the amended complaint, raising as affirmative defenses the bar of the statute of limitations and lack of subject matter jurisdiction.
Reserve Insurance Company, one of Cohen’s insurance carriers, moved to dismiss the complaint with prejudice as to itself and Cohen’s estate on the grounds of lack of subject matter jurisdiction for failure to timely mediate the claim; failure to state a cause of action by failure to allege mediation; and/or the bar of the statute of limitations for failure to file mediation or a common law action within two years of decedent’s death and/or failure to file a common law action within sixty days of the termination of mediation. Cohen’s estate also filed a motion for summary judgment raising essentially the same issues. The court entered an order of dismissal with prejudice as to Cohen’s estate and his insurance carriers.
The two important issues we must resolve in this case are (1) whether the provisions of the Medical Mediation Act apply to Hickox’ cause of action against Cohen’s estate, and (2) whether Hickox’ claim is barred by the statute of limitations.
The first question may be answered by reference to Medel v. Valentine, 376 So.2d 1154 (Fla.1979). In that case a medical malpractice suit was brought against an obstetrician on April 22, 1975. On July 1, 1975, the provisions of the Medical Mediation Act took effect. Subsequently, plaintiffs joined the anesthesiologist as co-defendant in their suit against the obstetrician. Plaintiffs instituted medical mediation proceedings against the anesthesiologist pursuant to the Act and, after hearings, the panel found no actionable negligence on the part of the anesthesiologist. In the malpractice suit, the jury returned with a verdict against the obstetrician and found no liability as to the anesthesiologist. The supreme court held that a new trial was required for both doctors because the application of the Medical Mediation Act denied the obstetrician equal protection. In so holding, the court stated that “[w]e read subsection (10) to exempt from the provisions of the Medical Mediation Act all elements of a controversy, including the join-der of additional defendants, which arise from a single medical transaction or a series of related medical transactions where suit was filed prior to July 1,1975.” Id. at 1156.
We adopt the result in the Medel case and, noting that this suit arises from a “series of related medical transactions,” *162 find that the provisions of the Medical Mediation Act do not apply to Ronald Hickox’ cause of action against Cohen’s estate.
The final order of dismissal cited Section 95.11(4)(d), which imposes a two-year limitation on the commencement of an action for wrongful death. Hickox argues that his action should be retroactively governed by Section 95.11(4)(b), which deals with medical malpractice. We find it unnecessary to address this question because, under either section, Hickox’ claim was timely filed. Katherine Hickox died on July 11, 1974, and the amended complaint against Cohen’s estate was filed June 11, 1976.
In summary, we hold that the provisions of the Medical Mediation Act do not apply to the cause of action against Cohen’s estate and, further, that the complaint was filed within the applicable statute of limitations. Therefore, we reverse the final order of dismissal and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BOARDMAN, Acting C. J., and OTT, J., concur.