GLICKSTEIN, Judge.
At issue is whether a radiologist and the P.A. with which he was associated should have been awarded attorneys’ fees by the trial court, which denied them, although both were the prevailing parties in a medical malpractice action brought against them by appellees. The trial court said:
ORDERED AND ADJUDGED that both the motion filed by BETHESDA RADIOLOGY ASSOCIATES, P.A. and DAVID B. GRAVES, M.D. and the motion of JAMES T. DAWSEY, M.D., are denied because Florida Statute 768.56 does not apply to any action filed before July 1, 1980, and the court finds that while the plaintiff filed this civil law suit against the defendants in October, 1980, the plaintiff first filed a civil action (medical mediation proceeding) against DR. DAWSEY prior to July 1, 1980 ....
The medical mediation claim to which the trial court referred was filed in 1979 by appellees only against Dr. Dawsey, the referring obstetrician/gynecologist, who has not appealed from the trial court’s order which denied his similar motion for attorneys’ fees although he, too, prevailed in the subsequent civil action brought on October 1, 1980, against him as well as Doctor Graves and the P.A.
The statute to which the trial court referred, namely section 768.56, Florida Statutes (1980), was enacted expressly as a result of the determination by the supreme court that the Medical Mediation Act was *190 unconstitutional. The preamble of the statute recites, in part:
WHEREAS, the Florida Supreme Court determined in Aldana v. Holub, No. 53,612 (Feb. 28, 1980), that the jurisdictional period provided for in the medical mediation act had proven to be arbitrary and capricious in its operation which rendered the act unconstitutional ....
The statute provides:
(1) Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney’s fees shall not be awarded against a party who is insolvent or poverty-stricken. Before initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section. When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney’s fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity. In no event shall a nonprevailing party be required to pay to any or all prevailing parties any amount in attorney’s fees in excess of that which is taxed against such nonprevailing party. A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party’s attorney’s fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer. The court shall reduce the amount of attorney’s fees awarded to a prevailing party in proportion to the degree to which such party is determined by the trier of fact to have contributed to his own loss or injury.
(2) This section shall not apply to any action filed before July 1, 1980.
Appellants rely on a line of cases from this and other courts, involving the addition of new parties after a statute of limitations has run, as authority for the proposition that the “action” against both appellants did not commence until October 1, 1980, when the present action was filed against them rather than in 1979 when the medical mediation claim was filed against Dr. Daw-sey. See Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977) and Click v. Pardoll, 359 So.2d 537 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1122 (Fla.1979). Appellees counter with two propositions. The first is that the request for medical mediation filed in circuit court on September 21, 1979, was an “action” within the meaning of the statute; and that the subsequent complaint filed in 1980 is superfluous.
They rely upon Medel v. Valentine, 376 So.2d 1154, 1156 (Fla.1979), which held:
By its terms the Medical Mediation Act “shall not be applicable to any ease in which formal suit has been instituted pri- or to ... July 1, 1975.” § 768.133(10), Fla.Stat. (1975). We read subsection (10) to exempt from the provisions of the Medical Mediation Act all elements of a controversy, including the joinder of additional defendants, which arise from a single medical transaction or a series of -related medical transactions where suit was filed prior to July 1, 1975. The allegedly negligent acts of Drs. Valentine and Cohen were components of essentially one transaction — the timing and delivery of the Medel baby. Hence the filing of the complaint against Dr. Valentine served to exempt the entire controversy, notwithstanding Dr. Cohen’s joinder subsequent to the Act’s effective date.
The second is that section 768.56 is unconstitutional.
We believe the 1979 request for mediation was not the “action” the legislature had in mind in enacting the subject statute insofar as the two appellants are concerned [1] for a number of reasons. First, the *191 Medical Mediation Act recognized the difference between mediation proceedings and “civil medical malpractice actions.” Section 768.44(l)(a), Florida Statutes (1979), provided for mediation before a claim “may be filed in any court of this state.” Section 768.44(6) provided that “evidence applicable in civil cases shall not be required” in mediation proceedings. Section 768.47, Florida Statutes (1979), entitled in part “Civil Medical Malpractice Actions,” provides in subsection (1):
In the event any party rejects the decision of the Medical Liability Mediation Panel, the claimant may institute litigation based upon the claim in the appropriate court.
Both sections 768.44(10) and 768.47(3) exclude from the application of the act “any case in which formal suit has been instituted prior to the effective date.” In short, the legislature recognized the difference between litigation and mediation.
Second, there is no reason to believe the legislature’s use of the terms “civil action” and “action” on the occasion of the demise of the Medical Mediation Act was intended to be other than that ascribed at the time of its birth.
Third, Section 768.56 gives plaintiffs’ lawyers the kind of warning traffic engineers reserve for oncoming trains. Section (1) provides:
Before initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section.
It seems clear to us by the foregoing language that the legislature intended to protect prevailing defendants who were sued on and after July 1, 1980, and not before, which is exactly what occurred in the present case. A suit was filed on October 1, 1980, when the unsuccessful plaintiffs and their attorneys knew the rules by which the game was being played. They chose to name the appellants in a complaint, pay the filing fee, and serve them with process. Having elected to subject appellants to litigation, not mediation, notwithstanding the statutory warning, they must now restore appellants to their pre-litigation posture.
Fourth, we fail to find any basis for support of appellees’ position in Medel, supra, which cured an anomalous factual situation. To apply the supreme court’s language to the state of the law and the facts here would create, rather than cure, the anomaly.
As for appellees’ constitutional argument, they failed to raise it in the trial court; therefore, it is too late to raise it here for the first time, no fundamental error being involved. See Granados v. Miller, 369 So.2d 358 (Fla. 4th DCA 1979); Rubin v. Glick, 419 So.2d 817 (Fla.3d DCA 1982); and Hegeman-Harris Co. v. All State Pipe Supply Co., 400 So.2d 1245 (Fla. 5th DCA), petition for review dismissed, 411 So.2d 380 (Fla.1981).
Accordingly, we reverse and remand with direction to proceed in accordance with the provisions of section 768.56.
HURLEY and DELL, JJ., concur.

. The instant case is distinguished on its facts from Theodorou v. Burling, 438 So.2d 400 (Fla. *191 4th DCA 1983). There the critical question was whether an action’s original filing date, which preceded July 1, 1980, the effective date of section 768.56, controlled, when the prevailing parties were brought in by amended complaint after the statute’s effective date.