PER CURIAM.
This is an appeal from an order disallowing attorneys’ fees, based upon an interpretation of Section 768.56, Florida Statutes (1980). A brief synopsis of procedural facts is pertinent to the issue presented for review.
A complaint for medical malpractice was filed against various defendants, excluding appellants, on February 21,1980. A second amended complaint was filed on November 16, 1980, adding appellants as parties defendant. Ultimately these defendants were found not to have been guilty of negligence or medical malpractice. Nevertheless, their claims for attorneys’ fees were disallowed, whereupon they filed their notice of appeal.
Florida Statute 768.56 provides in part:
(1) Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; ....
(2) This section shall not apply to any action filed before July 1, 1980.
The trial court reasoned that the filing of the second amended complaint related back to the original filing of the “action” which was prior to July 1,1980, so that the statute was not activated.
Appellant takes the position that the issue presented by these facts is analogous to an issue which sometimes arises in a statute of limitations context illustrated by the following excerpt from Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977) cert. dismissed 359 So.2d 1217 (Fla.1978).
An amendment which merely corrects a misnomer might well relate back to the date the complaint was originally filed but this relation back rule is inapplicable where the effect is to bring new parties into the suit. Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970)....
Id. at 563. A similar rationale emerges from the third district case of Horace Mann Insurance Company v. DeMirza, 312 So.2d 501 (Fla. 3d DCA 1975) where suit was filed two days before expiration of the limitations period. Contra Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982). The court held that the defendant was precluded from filing a counterclaim because of the statute *402 of limitations. This conclusion is consistent with Florida Rule of Civil Procedure 1.050 (1983).
Adapting this rationale to the instant situation would result in a holding that the action, as to appellants, was filed at the time of the filing of the second amended complaint, and thus the relation-back doctrine would be inapplicable.
Appellee, on the other hand, suggests that the statute of limitations analogy is inappropriate, urging instead that the reasoning of a case involving the Medical Mediation Act more logically controls here.
A case on point is MEDEL v. VALENTINE, 376 So.2d 1154 (Fla.1979). That case concerned the applicability of the Medical Mediation Act. An exemption to the Act, set forth in § 768.41 [sic] (10), provided that the requirement that a claim be filed in mediation was not applicable to any “case” where formal suit was filed prior to the effective date of the statute. In MEDEL the lawsuit was first instituted against an obstetrician before the effective date of the statute. An anesthesiologist was added as a defendant after the effective date of the statute, and was tried in mediation first. The Florida Supreme Court held that the filing of the common law action against the obstetrician before the effective date of the Act applied to all elements of the controversy, including the joinder of additional defendants. Accordingly, the claim against the anesthesiologist did not fall within, the new statute, even though the claim was filed after its effective date:
By its terms the Medical Mediation Act “shall not be applicable to any case in which formal suit has been instituted, prior to ... July 1, 1975.” § 768.-133(10), Fla.Stat. (1975). We read subsection (10) to exempt from the provisions of the Medical Mediation Act all elements of a controversy, including the joinder of additional defendants, which arise from a single medical transaction or a series of related medical transactions where suit was filed prior to July 1, 1975. The allegedly negligent acts of Drs. Valentine and Cohen were components of essentially one transaction — the timing and delivery of the Medel baby. Hence the filing of the complaint against Dr. Valentine served to exempt the entire controversy, notwithstanding Dr. Cohen’s joinder subsequent to the Act’s effective date. (Emphasis added)
Applying MEDEL to this case, requires a finding that since Plaintiff’s “action” was filed prior to the effective date of the attorney’s fee statute, the addition of DR. THEODOROU as a defendant at a later date would not be controlled by the statute.
In weighing the respective theories advanced by the parties, we note that it cannot be doubted that the purpose of the statute was remedial and that it should be construed liberally to effectuate the legislative purpose. At the same time, however, a statute that is clear and unambiguous must be accorded its common sense meaning. It is not for the judiciary to rewrite statutes even to accomplish laudable ends, whether or not they were within the contemplation of the legislature. The statute on its face is not to apply to any “action” filed before July 1, 1980. Our task is to find, not to create, the definition of “action.” An action is “[t]he legal and formal demand of one’s right from another person or party made and insisted on in a court of justice.” Black’s Law Dictionary 49 (4th Ed.Rev. 1968). An action is deemed to have been commenced when the complaint is filed except that ancillary proceedings are deemed to have been commenced when the initial pleading setting forth the ancillary claim is filed. Fla.R.Civ.P. 1.050 (1983). It would appear from the foregoing that the word “action” is, for all intents and purposes, at least in this context, synonymous with the word “case,” used in the Medical Mediation Act. The two terms were defined and used synonomously in Mount Sinai Hospital of Greater Miami, Inc. v. Mora, 342 So.2d 1063, 1064 (Fla. 3d DCA 1977) where the court stated:
*403 In First National Bank of Miami v. Bebinger, 99 Fla. 1290, 128 So. 862, 688 (1930), it was said: “The words ‘case’ or ‘cause,’ when used as legal terms, are generally understood as meaning a judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected or wrongs are prevented or redressed.” In that case the Supreme Court held that supplementary proceedings taken in a cause for enforcement of a judgment which had been entered therein were part of the case or action in which the judgment was rendered. In Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2 Cir.1953) cited by appellant, the court said: “ * * * the word ‘action’ as used in the Rules [of Civil Practice] denotes the entire controversy”. See State Department v. Crill, 99 Fla. 1012, 128 So. 412, 415 (1930); State v. Furen, 118 So.2d 6, 9 (Fla.1960).
The supreme court in Medel placed its imprimatur upon the logic and holding of the Mt. Sinai case, reaching the same conclusion.
In Hickox v. University Community Hospital, Inc., 384 So.2d 160 (Fla. 2d DCA 1980) the second district reiterated the view that the term “case” encompasses all elements of a controversy arising “from a single medical transaction or a series of related medical transactions” relying on the Medel case. We do not, however, agree with the second district’s characterization of the Medel result as based upon the constitutional ground of equal protection.
Having equated “action” to “case,” we affirm the order on appeal on the basis of the foregoing authorities and reasoning. This result makes it unnecessary to consider the constitutional issue also raised and argued by the parties.
AFFIRMED.
HERSEY and HURLEY, JJ., concur.
WALDEN, J., dissents with opinion.