PER CURIAM.
Baptist Hospital of Miami, Inc., appeals an order dismissing its action against Dr. Ramiro Abaunza and his professional association for contribution. We reverse.
In 1987 suit was brought against Baptist Hospital and Abaunza alleging professional negligence. A verdict was rendered jointly and severally against Abaunza and the hospital, and final judgment was entered thereon. The hospital paid the entire judgment and then filed a claim for contribution against Abaunza and his professional association pursuant to section 768.31, Florida Statutes (1989).
Insofar as pertinent here, Abaunza moved to dismiss for Baptist’s failure to comply with section 766.104, Florida Statutes (1989). The trial court granted the motion and dismissed the action with leave to refile after the expiration of ninety days. It appears that the trial court invoked section 766.106, Florida Statutes (1989), as well as section 766.104.
We agree with Baptist that the cited statutes are inapplicable where, as here, the parties to the contribution action have already been found liable for professional negligence. The statutory procedures are intended to be applied preliminary to a determination of liability. See Walt Disney World Co. v. Memorial Hospital, 363 So.2d 598 (Fla. 4th DCA 1978). Where there has been a determination of liability on the professional negligence claim, an action for contribution is not properly deemed to be within the statutory definition of sections 766.104 and 766.106.
We therefore reverse the dismissal of the action and remand for further proceedings consistent herewith.