726 So.2d 378 (1999)
A. Paul WENDEL, M.D., f/u/b/o Physicians Protective Trust Fund, Appellant,
v.
Daniel HAUSER, M.D., Coastal Emergency Services, Inc. and North Broward Hospital District d/b/a Broward General Medical Center, Appellees.
No. 98-0424
District Court of Appeal of Florida, Fourth District.
February 10, 1999.
Rehearing Denied March 18, 1999.
*379 Stephan Le Clainche and Thomas W. Poulton of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise and Le Clainche, P.A., Orlando, for appellant.
Linda R. Spaulding of Conrad & Scherer, Fort Lauderdale, for appellees.
DELL, J.
A. Paul Wendel, M.D., f/u/b/o Physicians Protective Trust Fund, appeals the trial court's order granting appellees' (Daniel Hauser, M.D., Coastal Emergency Services, Inc., and North Broward Hospital District, d/b/a Broward General Medical Center) motion for summary judgment and dismissing with prejudice his complaint for contribution and equitable subrogation. He argues that his complaint was timely filed because he followed the presuit process required for medical malpractice actions. We affirm.
In January, 1990, Willie Fencher brought a medical malpractice action against appellant, North Broward Hospital, and North Broward Radiologists. On June 11, 1993, Fencher signed a Release and Indemnity Agreement settling the case for $1,000,000.00. The settlement was paid by Physicians Protective Trust Fund ("PPTF") on behalf of itself, appellant, North Broward Radiologists, Hauser, Coastal, and North Broward Hospital.
On May 31, 1994, appellant petitioned for an automatic ninety-day extension pursuant to section 766.104(2), Florida Statutes (1993), to allow reasonable investigation of a medical malpractice claim against Hauser, Coastal, and North Broward Hospital. On June 13, 1994, he served presuit notices on those parties. On December 2, 1994, appellant, f/u/b/o PPTF, filed a complaint against the appellees for statutory contribution and equitable subrogation. Appellees moved for summary judgment arguing that the one year limitation contained in section 768.31(4)(d), Florida Statutes, barred appellant's claim for contribution, and that appellant's complaint failed to state a cause of action for equitable subrogation. The trial court granted summary judgment and dismissed appellant's complaint with prejudice.
Appellant argues that he timely filed his complaint against appellees because he properly followed the medical negligence presuit process. He contends that section 766.106, Florida Statutes, tolled the one year limitation period for instituting his contribution action. Section 768.31(4)(d), Florida Statutes, provides,
If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has ...
Agreed, while action is pending against him, to discharge the common liability and has within 1 year after the agreement paid the liability and commenced his action for contribution.
Here, the agreement settling the case was signed on June 11, 1993. On May 31, 1994, appellant filed a petition for a ninety-day extension pursuant to section 766.104(2), Florida Statutes, but he did not file his complaint *380 until December 2, 1994.[1] Appellant argues that Walt Disney World Co. v. Memorial Hospital, 363 So.2d 598 (Fla. 4th DCA 1978), applies to the presuit process in chapter 766, Florida Statutes. We disagree. The language in section 766.106, Florida Statutes, differs from section 768.44, Florida Statutes (1975), which was at issue in Walt Disney. Section 768.44 provided that "[a]ny person or his representative claiming damages by reason of injury, death, or monetary loss, on account of alleged malpractice ... shall submit a claim ..." Contribution claimants allege damages by reason of monetary loss on account of the malpractice of an alleged joint tortfeasor.
Section 766.106, Florida Statutes (1993), more narrowly defines those claims subject to presuit screening procedures than did its predecessor, section 768.44, Florida Statutes (1975).
"Claim for medical malpractice" means a claim arising out of the rendering of, or the failure to render, medical care or services.
§ 766.106(1)(a), Fla. Stat. (1993).
Presuit investigation of medical negligence claims and defenses pursuant to this section and ss. 766.204-766.206 shall apply to all medical negligence, including dental negligence, claims and defenses....
§ 766.203, Fla. Stat.
We conclude that the plain language of section 766.106, Florida Statutes, does not encompass claims for contribution. Accordingly, we hold that the presuit screening procedures initiated by appellant did not toll the time for filing this action for contribution. We affirm the trial court's order granting summary judgment in favor of appellees.
Appellant also argues that the trial court erred when it dismissed his claim for equitable subrogation with prejudice. He argues that the one year statute of limitation contained in section 768.31, Florida Statutes, does not apply to equitable subrogation claims. Appellees concede this point but correctly argue that as in Florida Patient's Compensation Fund v. St. Paul Fire and Marine Ins. Co., 559 So.2d 195, 198 (Fla. 1990), appellant's complaint contains "no allegations or contentions ... that the parties were not joint tortfeasors." In his equitable subrogation count, appellant alleged that the settlement exceeded his pro rata share of the common liability and referred to apportioning the damages. Because appellant's complaint, like that in St. Paul, asserted common liability and apportionment amongst other parties, the trial court correctly dismissed appellant's claim for equitable subrogation.
AFFIRMED.
KLEIN and GROSS, JJ., concur.
NOTES
[1] Appellant contends, and appellee does not dispute, that if the medical malpractice presuit process and automatic limitations tolling provisions apply to this case, appellant is entitled to a tolling of at least 180 days of the limitations period. See Tanner v. Hartog, 618 So.2d 177, 182 (Fla. 1993); Novitsky v. Hards, 589 So.2d 404, 407 (Fla. 5th DCA 1991).